The defendant was indicted and convicted for robbery in the first degree. Alabama Code 1975, Section 13A-8-41. Sentence was twenty years' imprisonment.
 I
The trial court did not commit error in failing to instruct the jury on any lesser included offense for two reasons. First, although an objection was made to the judge's failure to so instruct, there were no written requested charges on any lesser included offense. Yates v. State, 390 So.2d 32 (Ala.Cr.App. 1980); Hall v. State, 375 So.2d 536 (Ala.Cr.App. 1979). Second, the only reasonable conclusion from the testimony is that the defendant is guilty of robbery or he is not guilty of any crime whatsoever. The undisputed evidence revealed that one of the robbers was armed with a pistol, which elevated the crime to robbery in the first degree. Taylor v. State, 380 So.2d 363
(Ala.Cr.App. 1980). Here, the only issue was the identity of the robbers and not the degree of the robbery. Gray v. State,394 So.2d 92 (Ala.Cr.App.), cert. denied, 399 So.2d 840 (Ala. 1981).
 II
When testifying, Juatella Majors, the clerk of the Majik Market that was robbed, stated that, "prior to that we had had a robbery." This statement was volunteered and not in response to any question.
The trial judge sustained the objection of defense counsel and instructed the jury to disregard.
The trial judge did not err in overruling defense counsel's motion for a mistrial based on this remark. There is a prima facie presumption against error where the trial judge immediately charges the jury to disregard improper remarks. Nixv. State, 370 So.2d 1115, 1117 (Ala.Cr.App.), cert. denied,370 So.2d 1119 (Ala. 1979). A motion for mistrial should not be granted where the prejudicial qualities of a comment can be eradicated by action of the trial court. Nix, 370 So.2d at 1117. Even those "inadvertent slips" which are prejudicial to the defendant need not be cause for a mistrial where the judge acts promptly to impress on the jury that the improper statements are not to be considered by them. Richardson v.State, 374 So.2d 433 (Ala.Cr.App. 1979). "When prejudicial remarks have been made, the trial judge is in a better position than an appellate court to determine whether the remarks were so prejudicial as to be ineradicable." Chambers v. State,382 So.2d 632, 635 (Ala.Cr.App.), cert. denied, 382 So.2d 636
(Ala. 1980).
 III
The photographs taken of the actual robbery were properly admitted into evidence over the objection that the person who developed the film did not testify.
A photograph is admissible when properly authenticated — when a witness testifies that the picture as exhibited accurately reproduces objects or actions which he observed.Osborn v. Brown, 361 So.2d 82 (Ala. 1978). Consequently, it is not necessary to produce the photographer or other person present who saw the location of the camera where this is reasonably apparent from the photographs. McLemore v. AlabamaPower Co., 285 Ala. 20, 228 So.2d 780 (1969).
 "A photograph may be authenticated by any witness who is familiar with the subject matter of the picture and who is able to testify that the photograph is a substantially correct depiction of the relevant scene at the time of the event under inquiry. It is not necessary that the witness who testifies to the correctness of the photographs shall have taken it or have seen it taken."
 C. Gamble, McElroy's Alabama Evidence, Section 123.03 (3) (3rd ed. 1977).
When photographs are properly authenticated in this method, it is not necessary for the individual who developed the film to testify before the photographs are properly *Page 177 
admitted into evidence. 32 C.J.S., Evidence Section 715 (1964). The test for determining the admissibility of a photograph is whether it is a true and faithful representation of the place or subject it purports to represent as it existed at a time pertinent to the inquiry.
 IV
The defendant argues that the testimony of thirteen year old Mike Cooper should have been excluded because it "added nothing new" to the State's evidence and inflamed and prejudiced the jury.
Although Cooper was an eyewitness to the robbery, he could not identify the defendant as one of the robbers. Because he was an eyewitness, his testimony was relevant and we find no error in the admission of his testimony.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.