Jarrell Lynn Dixon was indicted by the Grand Jury of Lee County for the offense of kidnapping in the second degree, §13A-6-44, Code of Alabama 1975. He was found guilty, and based upon his habitual offender status, was sentenced to life imprisonment.
The evidence reveals that at about 5:20 a.m. on June 8, 1983, the victim of the alleged kidnapping, Mr. Rylan Herring, was delivering newspapers to a rack at the Krispy Kreme doughnut shop in Auburn, Alabama, when he was approached by two men. He noted that one of the men was wearing a red shirt, blue pants with a red stripe, a white hat, and tennis shoes. He later identified this man as the appellant, Jarrell Lynn Dixon. The other man was Mr. Marvin Mitchell. Mitchell later testified *Page 1238 
at trial that he had been abducted by appellant the night before near Newnan, Georgia. The appellant asked Herring if he could have a ride to a gas station, saying he had run out of gas. Mr. Herring agreed to the request and the three departed together with Mr. Herring driving and the appellant in the passenger side of the front seat. Soon after turning onto the road they came upon an automobile stopped by the road with its flashers on and the appellant requested that Mr. Herring stop so he could turn the flashers off. When the appellant returned to Herring's car, he had a pistol which he held in his lap covered with a hat. He then demanded that Mr. Herring drive him to Columbus, Georgia, but later decided he wanted to be taken to Opelika, Alabama. Appellant directed Mr. Herring onto Highway 431, and then onto County Highway 22. After proceeding about a mile on Highway 22, the appellant directed Mr. Herring to turn onto a dirt road and stop. Appellant then took Mr. Herring's money and watch and Marvin Mitchell's watch and put them in an orange "Auburn University" cup which Mr. Herring had in his car. The appellant got out of the car with the cup and then told Mr. Herring and Mr. Mitchell to "get out of here," which they did. They drove to the police department and reported the incident.
Later, the police confronted appellant Dixon at his home, where initially and during subsequent searches they found a red shirt, blue pants with a red stripe, a white hat, and tennis shoes in appellant's room. These were identified by Herring as those worn by the perpetrator. The police also found an orange "Auburn University" cup and a pistol, which Herring also identified, about 40 yards from the back of the appellant's home under an abandoned house.
The appellant now raises four issues on appeal.
 I
The appellant contends first that the trial court erred in admitting into evidence certain items removed by police officers from the home where he was residing.
 A
The first items in question were a pair of blue pants with a red stripe and a red shirt. Detective John Davis of the Auburn Police Department testified that on June 9, 1983, he went to Mrs. Sara Dixon's home in Phenix City, Alabama, where the appellant, Mrs. Dixon's grandson, was residing. Detective Davis had no arrest warrant or search warrant at that time. He asked the appellant to come down to the Phenix City Police Department to talk about a robbery and kidnapping. The appellant agreed to accompany him, but requested that he be allowed to put on some clothes. The officers agreed to his request and followed him into his bedroom while he was dressing. In the bedroom the officers observed the shirt and pants in question lying about. Detective Davis testified that he asked the appellant if he could take these items down to the station with them and that the appellant acknowledged that they were his clothes and that it was all right if they took them.
The recognized exceptions to the search warrant requirement are plain view, consent, incident to a lawful arrest, hot pursuit or emergency situations, exigent circumstances coupled with probable cause, and stop and frisk situations. McClellanv. State, 415 So.2d 1238 (Ala.Cr.App. 1982), Cook v. State,56 Ala. App. 250, 320 So.2d 764 (Ala.Cr.App. 1975). In the present case the items were in plain view, but most important was the testimony of Detective Davis that the items were taken with the consent of the appellant. It is well settled that searches and seizures without warrants are constitutionally permissible when executed with the owner's consent. Delarosa v. State,384 So.2d 876 (Ala.Cr.App.), cert. denied, Ex parte Delarosa,384 So.2d 880 (Ala. 1980); Welden v. State, 57 Ala. App. 379,328 So.2d 630 (1976); Barclay v. State, 368 So.2d 579 (Ala.Cr.App.),cert. denied, 368 So.2d 581 (Ala. 1979), cert. denied, Barclayv. Alabama, *Page 1239 444 U.S. 928, 100 S.Ct. 269, 62 L.Ed.2d 185 (1979). Therefore, the trial court did not err in admitting the shirt and pants in question into evidence.
 B
The second items in question were tennis shoes and a white hat. These items were seized during a second search of the appellant's room on June 9, 1983, after appellant had been taken to the police station. Detective Davis testified that upon his return to the home, he spoke to Mrs. Dixon and informed her that they would like to look for a pair of shoes and a hat. According to Detective Davis, Mrs. Dixon stated that she would cooperate in any way she could and that she then led them to appellant's room, where they found the items. Mrs. Dixon, on the other hand, testified that she was not at the house when the items were removed.
It is well settled that warrantless searches of a home are valid where a co-occupant consents to the search. Jackson v.State, 414 So.2d 1014 (Ala.Cr.App. 1982); Cobb v. State,355 So.2d 741 (Ala.Cr.App. 1978); Hawkins v. State, 333 So.2d 846
(Ala.Cr.App.), cert. denied, 333 So.2d 851 (Ala. 1976); Johnsonv. State, 353 So.2d 62 (Ala.Cr.App. 1977). The trial court was presented with conflicting testimony on whether the second search was by consent of a co-occupant. The decision was supported by the evidence and we therefore hold that the court did not err in admitting the hat and shoes into evidence.
 II
The appellant contends that his identification by Rylan Herring, the victim, was made through an improper lineup and that testimony as to the identification should have been excluded.
A careful review of the record reveals that the appellant at no time objected to the victim's identification testimony being received in evidence or requested suppression of any testimony regarding the lineup identification. Review on appeal is limited to review of questions properly and timely raised at trial. Robinson v. State, 428 So.2d 167 (Ala.Cr.App. 1982);Streeter v. State, 406 So.2d 1024 (Ala.Cr.App.), cert. denied,Ex parte Streeter, 406 So.2d 1029 (Ala. 1981), cert. denied,Streeter v. Alabama, 456 U.S. 932, 102 S.Ct. 1984,72 L.Ed.2d 450 (1982); Oates v. State, 375 So.2d 1285 (Ala.Cr.App. 1979);Dailey v. State, 374 So.2d 414 (Ala.Cr.App. 1979). Absent a timely objection to testimony concerning the lineup identification, or a motion to suppress such evidence at trial, this court may not now consider this issue on appeal.
 III
Dixon contends that the trial court erred in not granting his motion for a mistrial based upon the state's attempts to inject the criminal record of a defense witness after several objections which were sustained by the trial court.
The statements in question all occurred during closing arguments by the state. The statements, objections, and rulings by the court were as follows:
 "MR. MYERS: — except we did catch one, Robert Williams, we found something interesting about him.
 "MR. WILLIAMS: Your Honor, we're going to object. There was nothing introduced into evidence concerning Robert Williams.
 "THE COURT: Well, overrule the objection. I think a copy of his statement you introduced into evidence.
". . .
 "MR. MYERS: — you heard testimony this morning about Mr. Williams, not this Mr. Williams, but Mr. Robert Williams' prior criminal activity —
 "Mr. Williams: Your Honor, we're going to object to any testimony concerning that.
"THE COURT: Sustained.
". . .
 "MR. MYERS: — he talks about this Robert Williams. He has no reason to lie. Well, what was all the objecting *Page 1240 
about then, when we started to get into Robert Williams' prior criminal behavior —
 "MR. WILLIAMS: Your Honor, we are going to object and ask for a mistrial. You have ruled on that several times and it's prejudicial against my client.
 "THE COURT: Well, I'm going to sustain the objection, but I am denying the motion for mistrial. Ladies and gentlemen of the jury, there is no evidence whatsoever of any prior criminal conduct against this witness, Robert Williams; and you are to disregard any remarks made by the District Attorney as to any prior criminal conduct by that witness."
A motion for a mistrial implies a miscarriage of justice and should only be granted where it is apparent that justice cannot be afforded. Young v. State, 416 So.2d 1109 (Ala.Cr.App. 1982). A trial judge is allowed broad discretion in determining whether a mistrial should be declared, because he is in the best position to observe the scenario, to determine its effect upon the jury, and to determine whether the mistrial should be granted. Woods v. State, 367 So.2d 982 (Ala. 1978); Duncan v.City of Birmingham, 384 So.2d 1232 (Ala.Cr.App. 1980);Wadsworth v. State, 439 So.2d 790 (Ala.Cr.App. 1983), cert.denied, Wadsworth v. Alabama, ___ U.S. ___, 104 S.Ct. 1716,80 L.Ed.2d 188 (1984).
The granting of a mistrial is an extreme measure, and a mistrial should be denied where the prejudicial qualities of the comment can be eradicated by the action of the trial court.Young, supra; Dickey v. State, 390 So.2d 1177 (Ala.Cr.App.),cert. denied, 390 So.2d 1178 (Ala. 1980). The trial court in the instant case gave curative instructions to the effect that there was no evidence whatsoever of any prior criminal conduct of Robert Williams and that the jury was to disregard any
remarks made by the district attorney as to any prior criminal conduct of the witness.
We hold, after careful consideration of the possible effects of the district attorney's statements, that any prejudice suffered by the appellant as a result of the statements was erased by the curative instructions of the trial court. There is a prima facie presumption against error where the trial court immediately charges the jury to disregard the improper remarks or answers. Wadsworth, supra; Kelley v. State,405 So.2d 728 (Ala.Cr.App.), cert. denied, 405 So.2d 731 (Ala. 1981); Chambers v. State, 382 So.2d 632 (Ala.Cr.App.), cert.denied, 382 So.2d 636 (Ala. 1980). Therefore, the trial court did not err in refusing the appellant's motion for mistrial.
 IV
The appellant contends that the evidence did not support a conviction, because he presented evidence of an alibi. While appellant did present evidence to establish an alibi, it is also true that the state presented substantial evidence of appellant's guilt. The state's evidence included the victim's identification of the appellant as the perpetrator, clothes identified as those being worn by the perpetrator, and a gun identified as the one used by the perpetrator during the kidnapping.
Where the evidence presented raises questions of fact for the jury which, if believed, would be sufficient to sustain a conviction, this court has no right to disturb the verdict of the jury. Walker v. State, 416 So.2d 1083 (Ala.Cr.App. 1982);Haggler v. State, 49 Ala. App. 259, 270 So.2d 690 (1972).
It is not within the province of this court to reweigh the evidence. Walker, supra. Therefore, because sufficient evidence was presented from which the jury could by fair inference find the appellant guilty beyond a reasonable doubt, we hold that their verdict should not be disturbed.
Accordingly, the judgment of the circuit court is due to be affirmed.
AFFIRMED.
All the Judges concur. *Page 1241