The appellant, Jefferson T. Scroggin, was convicted of attempted murder and was sentenced to life imprisonment.
The victim, Drenda Scroggin; her daughter; and Wayne Stinson were beside the pool at Plantation South Condominiums on the afternoon in question. The appellant, who had been divorced from the victim in 1986, arrived at the pool and began talking to the victim about an income tax refund check. The appellant then pulled out a gun and pointed it at the victim. Wayne Stinson testified that the appellant fired a shot. Stinson then pushed the appellant into the pool. The appellant fired another shot as he was falling into the pool. The appellant then stood in the pool and fired another shot at the victim. Stinson further testified that the appellant got out of the pool and fired at least two more shots at her (Drenda Scroggin.)
Regina Smith, a 13-year-old, witnessed the shooting. She testified that she observed the appellant talking to the victim and then observed the appellant draw his gun. She testified that the appellant shot the victim about three times before Wayne Stinson pushed him into the pool. She further stated that another shot was fired as the appellant was falling into the pool and that the appellant then shot Drenda Scroggin again.
Michael William King, an officer with the Huntsville Police Department, testified that he arrived at the scene and observed the appellant crouched beside the lounge chair in which the victim was lying. The appellant was holding a gun, which he threw down at an officer's request.
Dr. Walter Schoepfle testified that he treated the victim in the emergency room and found that she had been shot several times. He testified that there were two wounds in her neck, a wound along the right flank, a wound on the right side of her abdomen, one along the right hip, and *Page 1027 
one toward the back of the right side of her chest. The victim's mother testified that the victim was unable to move as of the time of the trial.
 I
The appellant argues that the evidence presented by the State was insufficient to support his conviction for attempted murder. Specifically, the appellant argues that the State failed to show that the appellant intended to murder. Intent is a necessary element of any attempt. See § 13A-4-2(a), Code ofAlabama (1975). "In Alabama, a person commits the crime of attempted murder if he intends to cause the death of another person and does any overt act toward the commission of that intent." Chaney v. State, 417 So.2d 625, 626 (Ala.Cr.App. 1982). "Intent may be presumed from the act of using a deadly weapon,McArdle v. State, 372 So.2d 897 (Ala.Cr.App.), cert. denied,372 So.2d 902 (Ala. 1979), and from the character of the assault, including the nature and amount of force used in inflicting the fatal injury. Flint v. State, 370 So.2d 332
(Ala.Cr.App. 1979)." Id. at 627.
Intent may be proven by circumstantial evidence:
 " 'Circumstantial evidence is usually the only available evidence of intention aside from the declarations of the accused. The intention may be inferred from the force or direction, or from the natural or contemplated result of the violence employed, from the weapon or implement used by the accused, from his threats or prior conduct towards the person assaulted, and generally from the extent and effect of the injury inflicted, or from any deliberate action which is naturally attempted and usually results in danger to the life of another.' "
Bishop v. State, 482 So.2d 1322, 1326 (Ala.Cr.App. 1985), quoting Underhill on Criminal Evidence, § 540 (3d ed. 1923).
The State presented ample evidence from which the jury could infer that the appellant intended to murder the victim. The appellant aimed at and shot the victim a number of times. There was further evidence from the testimony of the appellant's sister that he had previously threatened to kill the victim. The evidence was sufficient for the jury to infer that the appellant had the requisite intent to kill.
 II
The appellant argues that the trial court erred in overruling his objections to evidence presented by the State which he contends was inflammatory, overly prejudicial, and designed merely to incite the sympathy of the jury. The appellant objected to the admission into evidence of the victim's bathing suit and a towel, which were covered with dried blood; a photograph of the victim and her daughter before the shooting; and a photograph of the victim in the hospital, which also depicted items of medical equipment. The defense counsel's objection to the introduction of the bathing suit and towel is not contained in the record, although a statement that the trial court overruled the objection, following a side bar conference, is recorded. "A reviewing court cannot predicate error on matters which are not shown by the record.Robinson v. State, 444 So.2d 884 (Ala. 1983). . . . Where the record is silent, it will be presumed on appeal that no error was made. Robertson v. State, 29 Ala. App. 399, 197 So. 73, cert. denied, 240 Ala. 51, 197 So. 75 (1940)." Abbott v. State,494 So.2d 789, 791 (Ala.Cr.App. 1986). See also Jefferson v.State, 449 So.2d 1280, 1282 (Ala.Cr.App. 1984) ("if counsel makes objections and secures rulings 'off the record,' this court cannot consider those rulings"). However, the trial court did not err in allowing the bathing suit and towel to be introduced into evidence.
 " 'It is a long established rule of this State that demonstrative evidence, such as clothing worn by the deceased at the time of the killing, is admissible if it tends to shed light on any material inquiry, even though such evidence is only cumulative of other evidence and tends to inflame the jury.' Flannagin v. State, 289 Ala. 177, 180, 266 So.2d 643 (1972)."
Bell v. State, 473 So.2d 622, 623 (Ala.Cr.App. 1985). The appellant contends that he did not intend to murder the victim; thus, *Page 1028 
the blood-stained bathing suit and towel were illustrative of the nature and seriousness of the wounds inflicted.
The photographs of the victim also showed the seriousness of her injuries. Additionally, the photograph of the victim in the hospital was admissible, despite its inclusion of medical equipment necessary to the victim's existence. " 'The fact that a photograph is gruesome and ghastly is no reason for excluding it, if relevant, even if the photograph may tend to inflame the jury. Carpenter v. State, 400 So.2d 417 (Ala.Cr.App.), cert. denied, 400 So.2d 427 (Ala. 1981).' " Kinder v. State,515 So.2d 55, 64 (Ala.Cr.App. 1986).
 III
The appellant contends that the trial court erred in failing to grant his motion to compel the State to inform him of the current address of the victim. The victim was hospitalized in Atlanta, Georgia. There is no constitutional right to discovery in a criminal case. Weatherford v. Bursey, 429 U.S. 545,97 S.Ct. 837, 51 L.Ed.2d 30 (1977). The appellant argues that the victim was a material witness and he "wished to be able to determine her version of the incident in question." "The prosecutor was under no duty to inform the defendant as to his theory of relevancy or to draw a blueprint for him as to the State's plan of prosecution." Knight v. State, 50 Ala. App. 39,276 So.2d 624, 628 (Ala.Cr.App.), cert. denied, 290 Ala. 368,276 So.2d 628 (1973). "We find no evidence on this appeal that any evidence was suppressed which could have devalued the strong case the State proved against the appellant, 'that would have led the jury to entertain a reasonable doubt of the defendant's guilt.' United States v. Teague, 7th Cir.,445 F.2d 114 (1971)." Johnson v. State, 335 So.2d 663, 677
(Ala.Cr.App.), cert. denied, 335 So.2d 678 (Ala.), cert. denied, 429 U.S. 1026, 97 S.Ct. 649, 50 L.Ed.2d 629 (1976). The record is void of any indication that the State suppressed any evidence tending to prove the innocence of the appellant so as to deny a fair trial. Reed v. State, 407 So.2d 153, 161
(Ala.Cr.App. 1980), reversed on other grounds, 407 So.2d 162
(Ala.), on remand, 407 So.2d 167 (Ala.Cr.App. 1981). (where the State failed to apprise the defense of the name of a potential State's witness and the substance of her testimony). In light of the victim's condition and hospitalization, the trial court did not abuse its discretion by denying the appellant's motion.
 IV
The appellant argues that the trial court erred in allowing certain hearsay testimony by Regina Smith concerning an out-of-court statement made by the victim's daughter.
The following transpired at trial during the direct examination of Regina Smith:
 "A. After he [the appellant] had gotten in the police car, she [the victim's daughter] came out and she was talking to him through the window, and she goes, 'Why?' —
"[Defense Counsel]: Object.
"THE COURT: Overruled.
 "Q: She was talking to the defendant through the window of the police car, you are talking about Priscilla talking to her daddy?
"A: Yes, sir.
"Q: What did she say?
 "A: She said, 'Daddy, why did you shoot her, I was planning on staying the rest of my life with her and now I can't.' "
This evidence was "admissible hearsay" because the alleged statement was made to the appellant and "'in the presence and hearing' of the appellant." Peterson v. State, 452 So.2d 1372,1375 (Ala.Cr.App. 1984). See also Garrett v. State, 76 Ala. 18,21 (1884); Beachum v. State, 346 So.2d 531 (Ala.Cr.App. 1977);Johnson v. State, 479 So.2d 1377, 1383 (Ala.Cr.App. 1985);Hilley v. State, 484 So.2d 476, 482-83 (Ala.Cr.App.), affirmed,484 So.2d 485 (Ala. 1985).
AFFIRMED.
All the Judges concur. *Page 1029