The appellant, Andrea Desimer, was convicted of possession of a controlled substance, a violation of § 20-2-70, Code of Alabama 1975, and sentenced to five years' imprisonment.
The State presented the following evidence:
On August 13, 1987, Dale County Sheriff Butch Jones executed a nighttime search warrant at the residence of Betty Gomez. The appellant also resided at Ms. Gomez's mobile home. Earlier in the day, Deputy Jones made a controlled buy of $50 worth of rock cocaine from appellant Desimer. After this controlled buy, Deputy Jones obtained the search warrant. Deputy Jones and five other law enforcement officers arrived at Ms. Gomez's mobile home. Deputy Jones testified that he knocked on the door and, when nobody answered, they immediately entered the trailer. Andrea Desimer was sitting on a couch a few feet away from the coffee table where a white powdery substance and a razor blade were found. The substance was later identified as cocaine.
The appellant raises three issues on appeal.
 I
The appellant's first contention is that the trial court erred in denying his motion for judgment of acquittal based upon the insufficiency of the evidence of his possession of the controlled substance. Specifically, he contends that the State did not prove that he had either actual or constructive possession of the controlled substance.
In Eady v. State, 495 So.2d 1161, 1164
(Ala.Cr.App. 1986), we held:
 "In order to prove possession, the State must prove that the defendant had actual or potential physical control, the intention to exercise dominion and knowledge of the presence of the drugs. White v. State, 479 So.2d 1368
(Ala.Cr.App. 1985). The State must also show external manifestation of intent and control. White, supra."
The record indicates that the cocaine was found on the coffee table, in plain view, a few feet from the defendant. A razor blade was found lying adjacent to the cocaine, and the appellant was the only person in the room. These facts abundantly meet the test of Eady.
The appellant also argues that, although the State proved that he was found in a place where the cocaine was discovered, the evidence was insufficient to sustain a conviction because he was in non-exclusive possession of the premises.
In Korreckt v. State, 507 So.2d 558, 565
(Ala.Cr.App. 1986), we held: *Page 240 
 "[W]hen an accused 'is in possession, but not exclusive possession of premises, it may not be inferred that he knew of the presence of any controlled substances found there unless there are other circumstances tending to buttress this inference. . . . What is required is some evidence that connects the defendant with the contraband that is found.' Temple [v. State], 366 So.2d [740] at 743 [Ala.Cr.App. 1978]."
It was reasonable for the court, and the jury, to infer that the appellant was aware of the cocaine that was two feet in front of him. The testimony of Deputy Jones to this effect connects the appellant with the contraband. Two other witnesses testified that the appellant lived with Ms. Gomez in the mobile home. One of these witnesses testified that she had seen the appellant with cocaine. The evidence presented by the State connected the appellant to the cocaine.
When the presence of the accused at the scene is established and evidence of his knowledge of the presence of the prohibited substance is shown, the issue of the defendant's possession should be submitted to the jury.German v. State, 429 So.2d 1138 (Ala.Cr.App. 1982). The court correctly denied his motion for a judgment of acquittal.
 II
The appellant next argues that it was reversible error to allow the prosecution to question a defense witness about prior convictions where the prosecution was not prepared to rebut a negative answer.
The appellant called Lavone Pittman as a witness. The testimony in question occurred during cross-examination:
"Q. Have you ever been arrested?
"A. Me?
 "MR. LIVINGSTON: We're going to object, Your Honor. That's an improper question.
"THE COURT: I sustain.
"Q. Have you ever been indicted?
 "MR. LIVINGSTON: We're going to object, Your Honor. That's an improper question.
"THE COURT: I sustain.
 "Q. Have you ever been convicted of a crime involving moral turpitude?
"A. What is moral turpitude?
 "Q. Something inherently or basically wrong, bad, evil.
"A. Oh, that's what it means.
"Q. Yes.
"A. Yes, I have.
"Q. What?
"A. It wasn't in the State of Alabama.
"Q. Where was it?
"A. It was up state for —
 "MR. LIVINGSTON: We're going to object unless the prosecutor is prepared to prove a prior conviction of moral turpitude.
 "THE COURT: I overrule your objection. You may answer.
"A. Would you repeat the question?
 "Q. What crime involving moral turpitude have you been convicted of?
 "A. A felony, but I was proven innocent of that. I got off on that.
"Q. I thought you said you were convicted?
"A. I wasn't convicted.
"Q. Do you say you were turned loose?
"A. Uh huh.
"Q. Do you remember what it was?
"A. It's been so long that it's hard to say.
"MR. CORBITT: Okay, thank you ma'am.
"MR. LIVINGSTON: Nothing further.
"THE COURT: You may come down to be excused."
The Alabama Supreme Court in Ex parte Peagler,516 So.2d 1369 (Ala. 1987), held that the cross-examiner is not required to have authenticated and certified court records of convictions of a crime involving moral turpitude. However, if the witness denies his prior conviction, the prosecution is required to prove the prior conviction by such records. *Page 241 
The Peagler, supra, case is distinguishable. There, the witness denied his conviction; here the witness at first admitted it. With the evidence in this posture, the court correctly overruled the objection. When this witness recanted, stating that she had not been convicted, but that "I got off on that," then the objection was due to be made.
Objections to evidence cannot be raised for the first time on appeal. Hilley v. State, 484 So.2d 476, 483
(Ala.Cr.App.), affirmed, 484 So.2d 485 (Ala. 1985). The defendant may not make an objection to evidence for the first time on appeal, which was not made at trial. Bell v.State, 466 So.2d 167, 172 (Ala.Cr.App. 1985). C. Gamble,McElroy's Alabama Evidence, § 426.01(1) (3rd ed. 1977). Absent an objection and an adverse ruling nothing is presented to this court for review. Review on appeal applies only to rulings of the trial court. Allred v. State,390 So.2d 1109, 1114 (Ala.Cr.App.), cert. denied,390 So.2d 1114 (Ala. 1980).
 III
The appellant next contends a denial of Fourteenth Amendment due process rights because of the prejudicial effect of certain testimony. Specifically, the testimony concerned appellant's earlier sale of a controlled substance; appellant's possession of a weapon at the time of arrest; and testimony regarding appellant's bond and subsequent re-arrest.
Deputy Jones, during direct examination, testified to his "controlled purchase" of cocaine from the appellant. The evidence of the sale was relevant because it was the factual basis for the search warrant. The trial court admonished the jury to not consider this testimony in their deliberations. The court gave curative instructions that the evidence was received only on to establish the validity of the search warrant.
The appellant next contends that it was error for the trial court to receive evidence of his possession of a weapon at the time of arrest. The court gave curative instructions to the jury that this evidence was received to show what the search revealed. They were admonished not to consider this on the issue of guilt.
Whether to grant a motion in limine is within the sound discretion of the trial court, and absent a showing of abuse, there is no reversible error. Primm v. State,473 So.2d 1149, 1158 (Ala.Cr.App. 1985).
We find no abuse of the court's discretion.
The appellant next contends that the court erred in denying a motion for a mistrial based upon the evidence concerning his bond and re-arrest. The following occurred:
 "Q. All right. What did you do with Mr. Desimer after you placed him under arrest for possession of cocaine?
 "A. We locked him up and the District Attorney's Office put a ten thousand dollar bond on him. Of course, I had a hold on him at that time for INS. Somebody from Ft. Pierce came down and made her bond, I believe. A bonding company. And INS dropped the hold off until further investigation, and subsequently I have rearrested Mr. Desimer and I've got a hold on him again.
 "MR. CORBITT: Don't go into that. Your witness Tony.
 "MR. LIVINGSTON: Your Honor, I move for a mistrial based on the witness's last statement. It was non-responsive to the prosecution's question and I believe it is so prejudicial that a mistrial would be required — talking about the defendant's re-arrest.
"THE COURT: And what was his statement?
 "MR. CORBITT: He just said he had a hold on him for Immigration and Naturalization Service and someone from Ft. Pierce made his bond and Immigration and Naturalization dropped their hold on him and he has subsequently been arrested for something else and I told him not to go into that.
 "THE COURT: I deny your motion for a mistrial and I'll instruct the jury." *Page 242 
There is a prima facie presumption against error where the trial court immediately charges the jury to disregard improper remarks or answers. Wadsworth v. State,439 So.2d 790 (Ala.Cr.App. 1983), cert. denied, Wadsworth v.Alabama, 466 U.S. 930, 104 S.Ct. 1716, 80 L.Ed.2d 188
(1984).
In St. John v. State, 523 So.2d 521 (Ala.Cr.App. 1987), we held:
 " 'A motion for a mistrial implies a miscarriage of justice and should only be granted where it is apparent that justice cannot be afforded. Young v. State, 416 So.2d 1109
(Ala.Cr.App. 1982). A trial judge is allowed broad discretion in determining whether a mistrial should be declared, because he is in the best position to observe the scenario, to determine its effect upon the jury, and to determine whether the mistrial should be granted. Woods v. State, 367 So.2d 982 (Ala. 1978); Duncan v. City of Birmingham, 384 So.2d 1232 (Ala.Cr.App. 1980); Wadsworth v. State, 439 So.2d 790 (Ala.Cr.App. 1983), cert. denied, Wadsworth v. Alabama, [466] U.S. [930], 104 S.Ct. 1716, 80 L.Ed.2d 188
(1984).
 " 'The granting of a mistrial is an extreme measure, and a mistrial should be denied where the prejudicial qualities of the comment can be eradicated by the action of the trial court. Young, supra, Dickey v. State, 390 So.2d 1177 (Ala.Cr.App.), cert. denied, 390 So.2d 1178 (Ala. 1980).'
 "Dixon v. State, 476 So.2d 1236, 1240
(Ala.Cr.App. 1985)." Id. at 523-524.
A court has the right to attempt to correct problems by curative instructions. The curative instructions are deemed to have offset error. Here, there was no objection or request for the jury to disregard, but merely a motion for a mistrial. The court did not err in denying a mistrial.
The appellant also contends that a rebuttal witness's testimony should not have been received because the witness could not pinpoint the date she saw the appellant in possession of cocaine and did not know the substance was cocaine.
The trial court instructed the jury that the State's rebuttal testimony was received only to rebut the appellant's statement that he had never used cocaine.
This issue was not preserved for review. During the direct examination of the State's rebuttal witness, Shirley Connerly, the following occurred:
 "Q. And have you ever seen him in possession of any cocaine?
"A. Yes, sir."
No objection was made; no motion to exclude was made. This issue was not preserved for review. See Reeves v.State, 456 So.2d 1156 (Ala.Cr.App. 1984).
During cross-examination of this witness, the following occurred:
 "Q. (MR. LIVINGSTON): Ms. Connerly, you say on August 13th of this year you saw Mr. Desimer in possession of cocaine?
"A. You mean on that particular day?
"Q. August 13th.
"A. Not that particular day.
 "MR. LIVINGSTON: Then we have to strike her testimony in that regard, Your Honor. It is irrelevant to the specific offense charged in the indictment."
The court denied the motion to strike. The stated ground was relevancy. On appeal, appellant contends the motion had to be granted because the witness was not competent to testify that the substance in question was cocaine.
Specific grounds for an objection waive all grounds not specified, and the trial court will not be put in error on grounds not assigned at trial. Berry v. State,408 So.2d 548, 550 (Ala.Cr.App. 1981), cert. denied,408 So.2d 551 (Ala.), cert. denied, 456 U.S. 934, 102 S.Ct. 1989,72 L.Ed.2d 453 (1982).
We affirm.
AFFIRMED.
All the Judges concur. *Page 594