The appellant was indicted for rape in the second degree in violation of § 13A-6-62, Code of Alabama 1975. He was found "guilty as charged in the indictment" and was sentenced to 12 years in prison. He raises five issues on appeal.
 I
The appellant first contends that the court erred in denying his motion for mistrial because during his cross-examination of the victim, she testified that the appellant had also raped someone else. The record reveals that the following occurred during the cross-examination:
 "Q Well, then why all of a sudden did you come up and make a complaint. Were you not scared that your mama and daddy were going to hate you again?
 "A My mama asked me about this when she found out about J.
 "Q Okay, and that is when she started questioning you isn't it?
"A Yes, sir.
 "Q And that is when she threatened to take you to a doctor to have you examined to see whether or not you were a virgin?
"A No, sir.
 "Q And you got scared and went and complained about Douglas Garrett?
"A No, sir.
 "Q Why would your mama ever come and ask you anything about Douglas Garrett? I mean you never complained to her. Why did you have to tell her anything?
"A Because he raped J., too, and —
 "Mr. Dozier: I object to that, Your Honor. That case has been tried and she knows Douglas Garrett was found not guilty and I move for a mistrial on that statement.
 "The Court: Motion for mistrial denied. Ladies and gentlemen of the jury, whether or not this defendant has been on trial for any other offense prior to this day is not relevant, material or anyway whatsoever to be considered." (R. 43-44)
There is a prima facie presumption against error when the trial court immediately charges the jury to disregard improper remarks or answers. Desimer v. State, 535 So.2d 238
(Ala.Crim.App. 1988); *Page 60 Dixon v. State, 476 So.2d 1236 (Ala.Crim.App. 1985); Elmorev. State, 414 So.2d 175 (Ala.Crim.App. 1982). "A motion for mistrial implies a miscarriage of justice and should only be granted where it is apparent that justice cannot be afforded."Dixon at 1240; Young v. State, 416 So.2d 1109 (Ala.Crim.App. 1982). "A trial judge is allowed broad discretion in determining whether a mistrial should be declared, because he is in the best position to observe the scenario, to determine its effect upon the jury, and to determine whether the mistrial should be granted." Dixon at 1240; Elmore. A mistrial is an extreme measure and should be denied when the prejudicial quality of the comment can be eradicated by curative instructions. Dixon; Young; Elmore.
The record reveals that the trial court promptly charged the jury not to consider the victim's answer. We find that the trial court did not abuse its discretion in denying the motion for mistrial. We also note that the appellant continued to question the victim as to why she finally told her mother about the rape, even though the victim had referred to "J." in a previous answer to a similar question. Thus, this almost appears to be invited error. See, e.g., Holmes v. State,505 So.2d 1308 (Ala.Crim.App. 1987).
 II
The appellant next contends that the trial court erred in allowing the victim to testify as to other alleged incidents of sexual contact between him and the victim. This argument has no merit. Without commenting on the admissibility or inadmissibility of the evidence of the prior incidents, we find that the appellant invited the alleged error by injecting these prior incidents into the trial.
The record reveals that during cross-examination of the victim, the appellant asked numerous questions concerning prior incidents of sexual contact. The victim was asked how many times the appellant had raped her and was asked to give the details of a prior alleged rape. The appellant also went through a series of sexual offenses allegedly committed by the appellant on the victim from the time she was 5 years old. On re-direct examination, the State simply expanded on the evidence elicited by the appellant on cross-examination.
We note that the appellant did not object to much of this testimony. See Hammes v. State, 417 So.2d 594 (Ala.Crim.App. 1982) (timely objection, stating specific grounds, must be made to the introduction of evidence in order to preserve error). The record reveals that the appellant opened these matters up during cross-examination; therefore, they were properly within the scope of the State's re-direct examination. Hollingsworthv. State, 549 So.2d 110 (Ala.Crim.App. 1989) (State may examine witness on re-direct as to matter injected into case during cross-examination by the defense); Campbell v. State,508 So.2d 1186 (Ala.Crim.App. 1986) (State properly expanded on evidence offered by defendant on cross-examination when defendant opened the door to such questioning).
 III
The appellant next contends that the trial court erred in denying his motion for judgment of acquittal and new trial, because, he contends, the evidence was insufficient to sustain the verdict. Specifically, he argues that the evidence was insufficient because of the following testimony presented by the victim: She did not complain about the rape until approximately a year after it occurred; she did not complain about a prior rape allegedly committed by the appellant; she did not complain about the prior incidents of sexual abuse until she complained of the rape charged in the indictment; she never attempted to get away from the appellant when the charged rape occurred; and she continued to go to the appellant's house during the years he sexually abused her.
The victim testified that she was riding in a field with the appellant on his three-wheeled vehicle; that he acted as if something was wrong with the three wheeler and got off of it; that when he got back on, he sat facing her and put his legs over hers so that she could not move; that he unzipped his pants, pulled her shorts over, *Page 61 
and tried to have sexual intercourse with her; that she begged him to stop; that he finally stopped and got off of the three wheeler; that he cranked it and told her she could drive; that she started driving, but in a few seconds he put his arm around her and picked her up; that he moved her shorts with his other hand and sat her on his penis; that his penis penetrated her vagina; and that when she got home, she did not tell anyone because she was afraid.
The uncorroborated testimony of a rape victim can support a rape conviction. Johnson v. State, 365 So.2d 123
(Ala.Crim.App.) cert. denied, 365 So.2d 130 (Ala. 1978). See also Anthonyv. State, 473 So.2d 554 (Ala.Crim.App. 1984); Minnifield v.State, 392 So.2d 1288 (Ala.Crim.App. 1981). "Although a failure to make a timely complaint after the rape may cast doubt on the veracity of the prosecutrix's testimony, the truthof the charge remains for the jury." Johnson at 129 (emphasis supplied); Lake v. State, 475 So.2d 896 (Ala.Crim.App. 1985) (evidence sufficient to sustain rape conviction even though rape was not reported until the next day and victim did not tell her mother until immediately prior to trial). The victim's testimony provided sufficient evidence of the crime charged. We will not substitute our judgment for that of the jury when there is sufficient evidence of the crime charged.
 IV
The appellant next contends that he was denied a fair trial because, he argues, the State intentionally failed to comply with a discovery order. Specifically, the appellant maintains that, in her answers to interrogatories, the victim failed to allege that he had raped her on an earlier occasion. This incident was brought out during the appellant's cross-examination of the victim.
A review of the record reveals that the appellant filed a motion for a bill of particulars seeking the time, date, andplace of the charged offense. (CR. 33-34). He did not request any information regarding any other alleged sexual contacts between him and the victim. The court ordered the State to provide the time, date, and place of the charged offense. The State responded by giving the appellant more information than was requested. This included a list of sexual contacts that the appellant had allegedly had with the victim and her age at the time of these alleged contacts. The appellant is apparently arguing that the conviction should be reversed because the State failed to provide him with information that he never requested and which the State was never ordered to produce. We can see no error.
Furthermore, there is no evidence that the State suppressed any evidence which tended to prove the appellant's innocence so as to deprive him of a fair trial. See, e.g., Scroggin v.State, 529 So.2d 1025 (Ala.Crim.App. 1988); Reed v. State,407 So.2d 153 (Ala.Crim.App. 1980), rev'd on other grounds,407 So.2d 162 (Ala. 1981).
 V
The appellant finally contends that the court erred in denying his motion to take the victim's deposition. Because there was no showing that the appellant's defense or a material part thereof depended exclusively on the victim's testimony, the motion was properly denied. Ala. Code 1975, § 12-21-260(a).See, e.g., Weatherford v. State, 369 So.2d 863
(Ala.Crim.App.), cert. denied, 369 So.2d 873 (Ala. 1979). The appellant's defense was not based on consent but, rather, was based on his contention that he did not rape the victim.
For the reasons set forth above, this case is due to be, and it hereby is, affirmed.
AFFIRMED.
All the Judges concur. *Page 62