The appellant was indicted for burglary in the third degree, in violation of § 13A-7-7, Code of Alabama 1975, and theft of property in the first degree, in violation of § 13A-8-3, Code of Alabama 1975. At trial, the court granted the State's motion to nol-pros the theft of property charge. The appellant was convicted of burglary in the third degree and was sentenced to 40 years in prison as a habitual offender. He raises four issues on appeal.
 I
The appellant first contends that the trial court erred in denying his motion to discharge his appointed counsel due to a total breakdown in the attorney/client relationship. The record reveals that on the day of the trial the appellant's attorney moved to withdraw from the case. He stated that when the appellant learned that he had previously represented the Montgomery Police Department, the appellant told him he felt like he was going to "double-cross" him. (R. 24.) He assured the appellant that this would not happen. The appellant contends that the motion should have been granted because the central witnesses in the case were police officers. The record also reveals that on a prior trial date, the appellant had moved to discharge his first appointed counsel due to irreconcilable differences. This motion was granted. We also note that at his sentencing hearing on this conviction, the appellant told the court that he and his attorney had talked over the prior representation and that he felt like his attorney "did the best that he could for me." (R. 235.)
The decision to remove court-appointed counsel and to appoint new counsel for an accused rests within the sound discretion of the trial court. Cox v. State, 489 So.2d 612 (Ala.Crim.App. 1985); Crawford v. State, 479 So.2d 1349 (Ala.Crim.App. 1985); Tudhope v. State, 364 So.2d 708 (Ala.Crim.App. 1978). In order to prevail on a motion for substitution of counsel, the accused must show a demonstrated conflict of interest or the existence of an irreconcilable conflict so great that it has resulted in a total lack of communication, which will prevent the preparation of an adequate defense. Cox. The appellant failed to show either a conflict of interest or an irreconcilable conflict. We note that there is no evidence in the record, nor is there any allegation, that the appellant's attorney specifically represented any of the police officer witnesses who testified during the trial. Furthermore, the appellant's attorney conducted a thorough and sifting cross-examination of each of the police officers who testified. We find that the trial court did not err in denying the appellant's motion to discharge his attorney. See, e.g., Cox;Crawford.
 II
The appellant next contends that his sentence was improperly enhanced by two prior drug convictions under the former provisions of the Alabama Uniform Controlled Substances Act. The appellant failed, however, to preserve this issue for review. The only objections made at the sentencing hearing in reference to the prior *Page 220 
convictions were that they were too remote and that one of the convictions did not involve the appellant. The appellant is bound by the specific objections made at trial and cannot raise a new ground on appeal. Washington v. State, 555 So.2d 347
(Ala.Crim.App. 1989); Cole v. State, 548 So.2d 1093
(Ala.Crim.App. 1989); Hargrove v. State, 344 So.2d 823
(Ala.Crim.App.), cert. denied, 344 So.2d 826 (Ala. 1977). We also note that the appellant's argument has been previously addressed and rejected by this court in Gibson v. State, 555 So.2d 784
(Ala.Crim.App. 1989).
 III
The appellant next contends that the trial court erred in denying his motion to dismiss the indictment because he should have been indicted as an aider and abettor rather than as a principal. The appellant apparently contends that § 13A-2-23, Code of Alabama 1975, requires aiders and abettors to be indicted as aiders and abettors and not principals because the language of that statute, unlike its predecessor, § 13-9-1, does not specifically state that aiders and abettors must be indicted as principals. This argument has no merit. There is no distinction between principals and accessories for the purposes of indictments and trials under Alabama law. Wallace v. State,530 So.2d 849 (Ala.Crim.App. 1987), cert. denied,530 So.2d 856 (Ala. 1988); Lewis v. State, 469 So.2d 1291
(Ala.Crim.App. 1984), aff'd, Ex parte Blake, 469 So.2d 1301 (Ala. 1985). "Alabama Code § 13A-2-23 (1975) continues the long recognized abolition of the distinction between principals and accessories in Alabama." Faircloth v. State, 471 So.2d 485, 489
(Ala.Crim.App. 1984), aff'd, 471 So.2d 493 (Ala. 1985).
 IV
The appellant next contends that his sentence violates both the Fifth and Eighth Amendments of the United States Constitution. He specifically contends that he was given a harsher sentence because he maintained his innocence at the sentencing hearing and that his sentence is substantially longer than that of similarly situated offenders convicted of the same offense. The appellant failed to preserve these issues for review because he did not raise them in the trial court.Dixon v. State, 476 So.2d 1236 (Ala.Crim.App. 1985);Faircloth. This requirement also applies to Constitutional issues. Cagle v. State, 504 So.2d 1225 (Ala.Crim.App. 1987);Smith v. State, 439 So.2d 1336 (Ala.Crim.App. 1983); Grace v.State, 369 So.2d 318 (Ala.Crim.App. 1979).
For the reasons set forth above, this case is due to be, and hereby is, affirmed.
AFFIRMED.
All the Judges concur.