Michael Scott Garrick was charged in three separate indictments with the unlawful distribution of a controlled substance in violation of § 13A-12-211, Code of Alabama 1975. He was convicted of two of the charges and was sentenced to seven years in prison. He raises 10 issues on appeal. The relevant facts will be discussed as they pertain to the issues.
 I
The appellant, Garrick, contends that the trial court erred in denying his motion to dismiss the indictments because the assistant district attorney failed to provide information to his superiors concerning the appellant's cooperation with the police. The record reveals that during a pretrial hearing on the motion to dismiss, Officer Frank Mealer testified that prior to being indicted, the appellant had cooperated with the police in an attempt to make new drug cases. That attempt was unsuccessful. He further testified that after discussing the matter with the appellant's attorney, he called the district attorney's office and left a message that he had no objection to a reduced charge of possession with a maximum 10-year sentence. He testified that he talked to Assistant District Attorney John Bowers and that Bowers told him he would convey the message. At the hearing, the appellant's attorney stated that there was no agreement with the district attorney's office, but that historically the *Page 762 
wishes of the police had a "strong input" in Jefferson County. (R. 16.) The trial judge reserved his ruling pending receipt of Bowers's affidavit. Bowers's affidavit stated that be had no recollection of the conversation with Mealer, but that if he did receive a message, he was sure he wrote it down and gave it to the proper assistant district attorney. The affidavit further stated that he did not make any agreements concerning the case at any time. The trial judge denied the appellant's motion.
The appellant states in brief that there was no "hard-and-fast agreement in this case." (Appellant's brief, p. 19.) He argues, however, that justice requires that his convictions be reversed. We disagree. In essence, the appellant argues that he has a constitutional right to a negotiated plea agreement. There is, however, no such constitutional right.Weatherford v. Bursey, 429 U.S. 545, 97 S.Ct. 837,51 L.Ed.2d 30 (1977) (cited in Ex parte Yarber, 437 So.2d 1330
(Ala. 1983)). The State is not required to enter into a plea agreement, and it may choose not to do so. Ex parte Yarber.
Although the appellant contends that Officer Mealer's lack of objection to the agreement was never communicated to the appropriate party, it is just as likely that the message was communicated, but that the district attorney's office had no desire to negotiate a plea. The record does not reveal the existence of a negotiated plea agreement. The appellant admits that there is no agreement. The record reveals that Officer Mealer simply told a member of the district attorney's office that he did not object to a reduction in the charge. There is absolutely no evidence that Assistant District Attorney Bowers made any plea agreement or that he even had the apparent or actual authority to make such an agreement. See generallyMadison v. State, 561 So.2d 1123 (Ala.Crim.App. 1990). We refuse to extend the application of Ex parte Yarber to anything short of a negotiated plea agreement. We find that the trial court properly denied the motion to dismiss the indictments.
 II
The appellant contends that the trial court erred in denying his motion for mistrial after the prosecutor asked a witness whether an informant, who did not testify, told the witness that the informant had been threatened, and the witness responded affirmatively. The record reveals that the trial court sustained the appellant's objection to the question and gave the jury curative instructions. The trial court also asked the jurors if any of them felt that they could not disregard what they had heard concerning the informant. None of the jurors responded affirmatively.
There is a prima facie presumption against error when the trial judge immediately charges the jury to disregard improper remarks or answers. Garrett v. State, 580 So.2d 58
(Ala.Crim.App. 1991); Desimer v. State, 535 So.2d 238
(Ala.Crim.App. 1988); Dixon v. State, 476 So.2d 1236
(Ala.Crim.App. 1985). "A motion for mistrial implies a miscarriage of justice and should only be granted where it is apparent that justice cannot be afforded." Dixon at 1240; See also Young v.State, 416 So.2d 1109 (Ala.Crim.App. 1982). "A trial judge is allowed broad discretion in determining whether a mistrial should be declared, because he is in the best position to observe the scenario, to determine its effect upon the jury, and to determine whether the mistrial should be granted." Dixon
at 1240. "A mistrial is an extreme measure and should be denied when the prejudicial quality of the comment can be eradicated by curative instructions." Garrett, 580 So.2d at 60.See also Dixon; Young.
We find that the testimony did not create such prejudice that it could not be eradicated by the curative instructions. We also note that the testimony did not name the person who allegedly threatened the informant. Furthermore, none of the jurors stated that they would be unable to disregard the challenged testimony.
 III
The appellant contends that the trial court erred to reversal in overruling his objection to the prosecutor's statement during *Page 763 
closing argument that "[i]t was the first time that he had gotten caught, but it wasn't his first time dealing drugs." (R. 169.) The record reveals that this statement was made during the second portion of the prosecutor's closing argument, which occurred after the appellant's closing argument. We also note that we cannot clearly determine from the record the context in which the statement was made. See generally Bethune v. State,542 So.2d 332 (Ala.Crim.App. 1989).
Although counsel may not argue facts which are not in evidence, counsel "may state or comment on proper inferences from the evidence and may draw conclusions from the evidence based upon his own reasoning." Sasser v. State, 494 So.2d 857,859 (Ala.Crim.App. 1986). See also Sanders v. State,423 So.2d 348 (Ala.Crim.App. 1982). "Liberal rules are allowed counsel in drawing inferences from the evidence in their argument to the jury, whether they are truly drawn or not." Sasser at 860. "Prosecutors should be allowed wide latitude in their exhortations to the jury." Armstrong v. State, 516 So.2d 806
(Ala.Crim.App. 1986). See also Varner v. State, 418 So.2d 961
(Ala.Crim.App. 1982).
We find that the prosecutor's statement was a legitimate inference from the evidence presented. See generally Brinks v.State, 500 So.2d 1311 (Ala.Crim.App. 1986); Green v. State,389 So.2d 537 (Ala.Crim.App.), cert. denied, 389 So.2d 541
(Ala. 1980). The State's evidence tended to prove that the appellant sold "Ecstasy" tablets to Officer Mealer on three occasions on August 9, 1989, September 12, 1989, and September 23, 1989. The appellant was apparently arrested sometime after the September 23 sale. The prosecutor could simply have been arguing from the evidence that although the appellant was not arrested until after the third incident, that incident was certainly not the first time he had sold drugs. Furthermore, the appellant testified that Stephanie Hornback, an informant who did not testify at the trial, contacted him on two occasions prior to August 9, 1989, about obtaining drugs. Although he testified that he did not obtain drugs for her on those two occasions, he testified that he could have helped her if he wanted to. We find that the prosecutor could properly draw an inference from the evidence that the appellant had been involved in dealing drugs prior to the charged offenses. In light of the great presumption in favor of the trial court's ruling and given the uncertainty as to the context of the allegedly improper statement, we cannot find that the trial court abused its discretion in overruling the objection. SeeBethune.
 IV
The appellant next contends that the prosecutor erred in making the following statement during the second portion of her closing argument: "I agree with Mr. Andrews' last statement. I want justice here today, too. I want a drug dealer off the streets, out of our community, and away from our kids." (R. 168.) We note, as we did in part III of this opinion, that the record does not disclose the context in which the statement was made. Our view of the record leads us to the conclusion, however, that the statement was a proper appeal for law enforcement. See, e.g., Soriano v. State, 527 So.2d 1367
(Ala.Crim.App. 1988) (prosecutor's statement during closing argument in cocaine possession case that the defendant would "sell it to my children and yours" was proper appeal for law enforcement);Patton v. State, 384 So.2d 19 (Ala.Crim.App.), cert. denied,384 So.2d 23 (Ala. 1980) (prosecutor's statement that "we are not going to put up with heroin in our community. We are not going to put up with it getting in the veins of our children" was proper comment on evil of drugs and an appeal for law enforcement).
 V
The appellant next contends that the trial court erred in refusing to give his requested charge concerning the bias of agents and informants for the State. The appellant argues that the trial court's oral charge did not adequately cover the subject of bias because it related only to witnesses and Stephanie Hornback was not a witness. *Page 764 
This argument has no merit. Jury charges are properly refused if they are confusing or misleading. Brooks v. State,580 So.2d 66 (Ala.Crim.App. 1991); Minnifield v. State, 439 So.2d 753
(Ala.Crim.App. 1983); Payne v. State, 419 So.2d 286
(Ala.Crim.App. 1982). Stephanie Hornback was not a witness at the trial and was not subject to the jury's scrutiny. The appellant's charge concerning the credibility of nonwitnesses concerned matters not in evidence and, thus, had a tendency to confuse or mislead the jury. The charge was properly refused.
 VI
The appellant next contends that the court erred in failing to give his requested charge on intoxication. We disagree. The record reveals that there was no evidence that the appellant was so intoxicated by either drugs or alcohol that he could not form the intent necessary to commit the offense. See, e.g.,Childress v. State, 344 So.2d 799 (Ala.Crim.App.), cert.denied, 344 So.2d 806 (Ala. 1977). The only evidence concerning alcohol and drugs was the appellant's testimony that he had been drinking and taking drugs during one or both of the first two drug transactions. There was no testimony as to the amount or type of drugs or alcohol the appellant had consumed. None of the witnesses, including the appellant, testified that the appellant was intoxicated. Thus, there was no reasonable basis in the evidence for such a charge.
 VII
The appellant next contends that the trial court erred in failing to charge the jury on the lesser included offense of possession. We disagree. A trial court may only charge on a lesser included offense when there is a rational basis for a verdict convicting the accused of the lesser included offense. Ala. Code § 13A-1-9(b) (1975). "A court may properly refuse to charge on lesser included offenses when it is clear to the judicial mind that there is no evidence tending to bring the offense within the definition of the lesser offense." Wesley v.State, 424 So.2d 648, 652 (Ala.Crim.App. 1982). We have carefully reviewed the evidence in this case, and we hold that the trial court properly refused to charge the jury on possession. If the jury believed the State's evidence, which it did as to two charges, the appellant could be guilty of only sale or distribution. If the jury had not believed the State's evidence, the appellant would not have been found guilty. We also note that the appellant's defense was based on entrapment. The entrapment defense rests upon the accused's admitting the deed but disclaiming the thought. McCarroll v. State, 294 Ala. 87, 312 So.2d 382 (1975). Thus, by the appellant's own theory of the case, he was either guilty of the charged offense or not guilty on the basis of entrapment. See generally Gray v. State,482 So.2d 1318 (Ala.Crim.App. 1985) (trial court did not err in refusing to charge on lesser included offense of manslaughter when accused was either guilty of murder or not guilty by reason of insanity).
 VIII
The appellant next contends that the trial court erred in refusing to give his written requested instructions on entrapment. This argument has no merit. The record reveals that the refused charges were substantially and fairly covered by the trial court's entire oral charge to the jury. Walters v.State, 585 So.2d 206 (Ala.Crim.App. 1991); Harris v. State,539 So.2d 1117 (Ala.Crim.App. 1988).
 IX
The appellant next contends that the sentencing provisions of Ala. Code § 13A-12-250 (1975) are unconstitutional. The record reveals that he was sentenced under § 13A-12-250 because the drug transactions with which he was charged took place one mile from Homewood Middle School, one and one-tenth mile from Edgewood Middle School and three miles from Samford University. The appellant specifically contends that the statute is unconstitutional because the statute is overbroad and because the statute fails to accord *Page 765 
equal rights and equal protection under the law. He also appears to argue that the statute is unconstitutional because it did not require the State to notify him, prior to sentencing, that the State intended to proceed under the statute.
The appellant failed to preserve the two claims concerning notice and his equal protection[1] claim because he failed to specifically raise them at the trial court level. Boldin v.State, 585 So.2d 218 (Ala.Crim.App. 1991); Dixon v. State,476 So.2d 1236 (Ala.Crim.App. 1985). The appellant's claim that the penalty enhancement statute is overbroad has been previously rejected by this court in Jackson v. State,570 So.2d 874 (Ala.Crim.App. 1990), and McCall v. State,565 So.2d 1163 (Ala.Crim.App. 1990). Although Jackson and McCall
concerned § 20-2-79, which was the predecessor to § 13A-12-250, the reasoning of those cases is also applicable to the current statute.
 X
The appellant finally contends that the enhancement provisions of § 13A-12-250 should not be applied because the drug transactions occurred late at night, in a bar. This argument has no merit. This court recently rejected a similar argument in Qualls v. State, 555 So.2d 1158, 1165
(Ala.Crim.App. 1989) wherein we stated, "We also believe the legislature, by enacting Alabama's 'schoolyard statute' intended to create an around-the-clock drug-free atmosphere on or near school grounds." For the reasons set forth above, this case is due to be, and it hereby is, affirmed.
AFFIRMED.
All the Judges concur.
[1] We note that this court has recently held that § 13A-12-250
does not violate the principle of equal protection. Walker v.State, 581 So.2d 1262 (Ala.Crim.App. 1991).