BOWEN, Presiding Judge.
Anthony Lamar Patterson, the appellant, was convicted of robbery in the first degree and was sentenced to life imprisonment without the possibility of parole as a habitual felony offender. He raises four issues on this appeal from that conviction.
*1046 I.
The victim’s testimony that she “was robbed” did not warrant the granting of a mistrial because the witness further testified to “exactly and only” what occurred. Richardson v. State, 439 So.2d 756, 757 (Ala.Cr.App.1983) (court could not “apprehend the prejudice created by [witness’] remark [that ‘they were trying to shoplift’] when the witness further testified to exactly and only what she saw and observed”). Further, the objection to the victim’s testimony that she was not “robbed” more than one time was untimely because it came after a responsive answer to an improper question. Henderson v. State, 373 So.2d 1218, 1220 (Ala.Cr.App.) (“[w]hile a witness may not testify to an ultimate fact in issue, Anderson v. State, 104 Ala. 83, 16 So. 108 (189[4]), the objection came after a responsive answer to an improper question”), cert. denied, 373 So.2d 1221 (Ala.1979).
II.
The State presented evidence that the robbery was committed by the appellant, Reginald Reed, and Travis Miller. Reed testified, as a State’s witness, that approximately three hours before the robbery Miller and the appellant “went out and got some drugs.” R. 148. Obviously, this testimony was improper. See Craig v. State, 510 So.2d 857, 864 (Fla.1987) (in prosecution for capital murder, trial court should have sustained defendant’s objection to “testimony about illegal drug use”), cert. denied, 484 U.S. 1020, 108 S.Ct. 732, 98 L.Ed.2d 680 (1988). See generally Buchannon v. State, 554 So.2d 477, 483 (Ala.Cr.App.1989), cert. denied, 554 So.2d 494 (Ala.1989), overruled on other grounds, Pardue v. State, 571 So.2d 333 (Ala.1990); Gillespie v. State, 549 So.2d 640, 645 (Ala.Cr.App.1989). “[Generally evidence of prior ... bad acts of a criminal defendant is presumptively prejudicial.” Ex parte Bolden, 595 So.2d 914 (Ala.1992).
In response to defense counsel’s immediate request for a mistrial, the trial judge stated:
“Let’s skip any other references to collateral misconduct, please. Whether or not there were any drugs used that day, folks, is not part of the equation here today.
“Judges try to keep references to any alleged collateral or other misconduct out of the trial because I don’t want you to be concerned about other than allegations concerning the robbery offense.
[[Image here]]
“Can you do that for me? Let me ask the jury if they can work with me on that. Would you set aside any reference made to alleged drug use? We haven’t gotten to the point yet where he might have described drug use to Mr. Patterson, but I’m not going to let him even talk about that.
“Can you set that out of your minds everybody? We have room for an extra if there is somebody that can’t do that. Squared away? Thank you very much.” R. 148^49.
The appellant argues that the instructions of the trial court were not sufficient to eradicate the prejudicial effect of the reference to drugs. While we agree that the instructions could have been more emphatic, it appears that the trial judge in essence polled the jury to ascertain whether all the members could “set that [reference] out of [their] minds.” We cannot conclude that his instructions were inadequate under the circumstances and in light of the fact that the trial court was in the best position to determine the effect of the witness’s comment.
“There is a prima facie presumption against error when the trial court immediately charges the jury to disregard improper remarks or answers. Desimer v. State, 535 So.2d 238 (Ala.Crim.App.1988); Dixon v. State, 476 So.2d 1236 (Ala.Crim.App.1985); Elmore v. State, 414 So.2d 175 (Ala.Crim.App.1982). ‘A motion for mistrial implies a miscarriage of justice and should only be granted where it is apparent that justice cannot be afforded.’ Dixon [476 So.2d] at 1240; Young v. State, 416 So.2d 1109 (Ala.Crim.App.1982). ‘A trial judge is allowed broad discretion in determining whether a mistrial should be declared, because he is in the best position to observe the scenario, to determine its effect upon the jury, and to determine whether the mistrial should be granted. *1047 Dixon [476 So.2d] at 1240; Elmore. A mistrial is an extreme measure and should be denied when the prejudicial quality of the comment can be eradicated by curative instructions. Dixon; Young; Elmore.”
Garrett v. State, 580 So.2d 58, 59-60 (Ala.Cr.App.1991).
III.
On redirect examination, Reed testified that he had talked to the appellant since his arrest and that the appellant had asked him “what [he] had said on the tape.” Reed said he responded, “I told him I told the truth, everything from the beginning.” R. 184. Also on redirect examination, Reed testified that he had told the police “the same thing [he] told this jury here today.” R. 192. The appellant maintains that he was entitled to a mistrial because he had not been informed about this conversation the appellant had had with Reed, and that “[h]e [was] entitled to hear every word they claim this defendant said.” R. 185-86.
Rule 16.1(a), A.R.Crim.P., does not require the production of any statement made by a defendant to a codefendant who is not an agent of the state. Here, the trial judge correctly concluded: “I don’t view him as a state agent or employee.” R. 189. See Lawson v. State, 557 So.2d 1311, 1813-14 (Ala.Cr.App.1989).
IV.
The appellant argues that his sentence of imprisonment for life without parole is cruel and unusual because his five prior felony convictions (one conviction for receiving stolen property in the first degree and four convictions for burglary in the third degree) “are all non-violent crimes [of which he was] convicted at the same time.” Appellant’s brief at 14.
Here, the appellant’s sixth conviction was for a crime of violence — -robbery in the first degree. We do not consider his sentence cruel and unusual. Scott v. State, 479 So.2d 1343, 1345 (Ala.Cr.App.1985).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.