TYSON, Judge.
Donald Ray Newton was indicted for kidnapping in the first degree, in violation of § 13A-6-43, Code of Alabama 1975. The jury found the appellant guilty of kidnapping in the second degree. The appellant was sentenced to 25 years’ imprisonment in the state penitentiary.
On February 17, 1987, the prosecutrix, the appellant’s ex-wife, heard someone knocking on her front door. When she opened the door, the appellant came in. The appellant was holding a large, jagged knife. While holding a knife and a shotgun, which he had picked up after entering the house, the appellant made her leave the house and drive her car to a secluded spot where the appellant’s truck was parked. The appellant then locked the shotgun in the prosecutrix’s automobile. The appellant made the prosecutrix get into his truck. While the appellant was driving his truck, he told the prosecutrix several times, “You can die here or you can go home with me.” (R. 29). The appellant drove to his trailer and then he went inside with the prosecutrix. After the appellant forced the prosecutrix to have sexual intercourse with him, a knock was heard on his front door. The appellant put the prosecutrix in the closet before he answered the door.
Eddie Vaughn, Jr. and Condie Langham, police officers, received a report of a possible kidnapping of the prosecutrix. They then went to the appellant’s trailer. When they arrived, the appellant told them that he had the prosecutrix, but would not allow them to come into his residence.
Subsequent to a long “stand off” with the police, the appellant let the prosecutrix leave his trailer. Approximately 15 minutes later, the appellant came out of the trailer.
The appellant testified at trial that the prosecutrix went voluntarily with him.
I
The appellant challenges the sufficiency of the evidence based on the failure to prove an intent to secrete or hold the prose-cutrix in a place where she was not likely to be found.
Kidnapping in the second degree is defined as follows:
“A person commits the crime of kidnapping in the second degree if he abducts another person.”
Ala.Code § 13A-6-44(a) (1975).
Section 13A-6-40(2), Code of Alabama, 1975 defines abduct as follows:
“ABDUCT: To restrain a person with intent to prevent his liberation by either:
“a. Secreting or holding him in a place where he is not likely to be found, or
“b. Using or threatening to use deadly physical force.” (emphasis added)
In order to establish kidnapping in the second degree, the State must show that the accused prevented the liberation of the victim either by the use of or threat of use of deadly physical force, or with intent to secrete the victim in a place where she was not likely to be found. The State does not have to prove both.
As set forth in the facts of the instant case, the State established that the appellant used a deadly weapon to make the prosecutrix leave her home. Thus, the State did not have to show the appellant’s intent to secrete the prosecutrix in a place where she was not likely to be found. Accordingly, there was sufficient evidence to find the appellant guilty of kidnapping in the second degree.
*802 II
The appellant contends that the trial judge should have given several of his written requested jury instructions. These instructions stated that the jury must find that the appellant had the intent to secrete or hold the prosecutrix in a place where she was not likely to be found.
This issue does not merit further attention in light of our previous discussion above in Issue I.
In order to prove kidnapping in the second degree, the State does not have to prove an accused’s intent to secrete or hold the victim in a place where she was not likely to be found when the State establishes use or threat of use of deadly physical force. Sections 13A-6-44, 13A-6-40(2), Code of Alabama 1975.
Thus, the trial judge correctly refused to give the appellant’s written requested instructions.
III
The appellant asserts that the jury should have been charged on unlawful imprisonment in the second degree as a lesser included offense.
In this case, unlawful imprisonment in the second degree would be a lesser included offense of unlawful imprisonment in the first degree. See § 13A-4-9, Code of Alabama 1975, as amended.
The jury was charged on the offense of unlawful imprisonment in the first degree and, thus, given the opportunity to consider this offense. The jury rejected this theory and convicted the appellant on the greater offense of kidnapping in the second degree. Therefore, the jury was given the opportunity to consider and to convict the appellant of unlawful imprisonment in the first degree and chose not to do so.
Thus, an instruction on unlawful imprisonment in the second degree would not have affected the outcome of this case. See Ex Parte Jordan, 486 So.2d 485, 489 (Ala.1986).
Thus, no error is shown. For the reasons herein stated, this cause is due to be and is, hereby, affirmed.
AFFIRMED.
All/ the Judges concur.