TAYLOR, Presiding Judge.
Appellant Roderick Lawson was convicted of rape in the first degree, a violation of § 13A-6-61, Code of Alabama 1975. He was sentenced to life imprisonment.
The state’s evidence tended to show that on July 19, 1986, a sixteen-year-old female was forcibly raped in her home by three men. The victim’s mother testified that on that evening she was awakened by two men who forced their way into her bedroom. She stated that the men, at that time, had towels across their faces. One of the men had a gun. They pushed her to the floor and tied her hands and feet with a telephone cord and placed a stocking in her mouth. They threatened her, saying that if she told anybody “they would come back and get her.” One man proceeded to look through her closet and dresser. That man then removed the towel from his face and she was able to see him.
The men then went into the daughter's room. She was awakened by a flashlight in her face. Three men were standing in front of her. She testified that she felt a gun barrel at her left eye. She said the three men then started discussing her body. They each in turn proceeded to have sexual intercourse with her. The third man came back into the room and said “bend over and let Big Rod in.” That man then proceeded to have anal sex with her. The victim could not positively identify any of the men.
Appellant's fingerprint was found on a photograph that was kept on the wall in the victim’s room. The victim testified that she had carried this photograph around in her purse for many months before finally putting it on her bedroom wall. She stated that approximately two months before the rape, she had wiped the photograph on her pants before putting it on the wall.
Prior to trial, appellant’s counsel moved to suppress the fingerprint found on the photograph in the victim’s room and the in-court identification of the appellant by" the victim’s mother.
*1313 I
Appellant contends that the trial court erred to reversal in denying his motion to suppress the fingerprint found on the photograph located in the victim’s room. Appellant’s counsel, prior to trial, made attempts through discovery to obtain the picture on which appellant’s fingerprint was found. Appellant’s counsel had been informed of the fact that appellant’s fingerprint was found on the photograph. The district attorney stated at the suppression hearing that his staff had been searching for the past ten days for the photograph but that it could not be located.
Appellant argues that the failure of the state to furnish the photograph violated his due process rights and the rule articulated in Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). As stated in Brady:
“[Suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution. “... A prosecution that withholds evidence on demand of an accused which, if made available, would tend to exculpate him or reduce the penalty helps shape a trial that bears heavily on the defendant.”
In the recent United States Supreme Court case of Arizona v. Youngblood, 488 U.S. 51, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988), the court faced a situation where the state had failed to preserve evidentiary material “of which no more could be said than that it could have been subjected to tests, the results of which might have exonerated the defendant.” The Supreme Court held that “unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law.”
In the instant case, the appellant was fully aware that his prints had been found on the photograph. However, at trial no explanation was offered as to how his fingerprint came to be on the photograph. No more than an assertion in his brief was made that the photograph could have been helpful to the appellant’s case. No bad faith on the part of the state was shown. Thus, the appellant’s due process rights were not violated by failure of the state to secure the photograph for appellant.
II
Appellant next contends that the in-court identification of him by the victim’s mother should have been suppressed as unreliable. Specifically, appellant argues that because the victim’s mother had previously seen pictures of the appellant and had been unable to identify him, her in-court identification should not be allowed into evidence. We note that appellant does not question the validity of the pretrial identification procedure. The fact that a witness or victim had previously failed to identify a defendant goes to the “credibility of the in-court identification and not to its admissibility.” Johnson v. State, 453 So.2d 1323 (Ala.Cr.App.1984).
“ ‘The discrepancies or contradictions in (the victim’s) testimony are factors bearing on the credibility of the witness and concern the weight and probative value to be given his testimony by the jury. These factors do not concern the admissibility of (the victim’s) testimony.’ Phillips v. State, 409 So.2d 918, 920 (Ala.Cr.App.1981).” Id., at 1328.
Thus, the court committed no error in denying the suppression of the in-court identification of the appellant by the victim’s mother.
III
Appellant further contends that the trial court erred in failing to strike evidence of a statement allegedly made by the appellant to the victim. Appellant had not been informed that the statement existed. The victim testified at trial that one of the men who raped her said, “Bend over and let Big Rod in.” Appellant objected and moved that the court strike the statement from the record. The trial court overruled the objection and received the statement in evidence.
*1314 During discovery, appellant s counsel made a motion requesting that “the defendant [be allowed] to inspect and copy any written or recorded statements and [that the state] disclose the substance of any oral statements, which the state intends to offer in evidence at trial.” Appellant argues that according to Rule 18, Ala.R.Crim. P.Temp., he was entitled to any oral statements made by him to any witness which the state intends to use at trial.
A thorough reading of Rule 18, however, reveals that the state, upon the motion of the defense, shall “disclose the substance of any oral statements made by the defendant before or after arrest to any law enforcement officer, official, or employee which the state intends to offer in evidence at trial.” The statement at issue here was part of the res gestae and thus, was clearly admissible into evidence. Moreover, this statement was made to the victim, not to law enforcement officials, and, therefore, does not come within the purview of Rule 18. The trial court committed no error in denying the suppression of the statement made to the victim.
IV
Last, appellant contends that there was insufficient evidence to establish a pri-ma facie case of rape in the first degree. According to § 13A-6-61, Code of Alabama 1975, “A male commits the crime of rape in the first degree if ... he engages in sexual intercourse with a female by forcible compulsion.”
The victim testified that three men entered her room and that each engaged in sexual intercourse with her. One of the men had a gun. The victim could not positively identify any of the three men; however, her mother identified the appellant as one of the men who broke into her home the evening of the rape. The jury was also free to infer that the statement made to the victim “bend over and let Big Rod in,” was one in which he was making reference to himself, since his name was Roderick. Moreover, appellant’s fingerprint was found on a picture located in the victim’s bedroom.
As we stated in Lockett v. State, 518 So.2d 877, 878 (Ala.Cr.App.1987), “in reviewing the sufficiency of the evidence this court is required to view the evidence in the light most favorable to the state and not substitute its judgment for that of the jury.” Lockett, quoting Smelcher v. State, 385 So.2d 653 (Ala.Cr.App.1980). There was sufficient evidence for the jury to find the defendant guilty of rape in the first degree.
Based on the foregoing, the judgment of the circuit court is hereby affirmed.
AFFIRMED.
All the Judges concur.