Walter Gene Childs was indicted for burglary in the first degree in violation of § 13A-7-5, Code of Alabama 1975. He was found "guilty as charged in the indictment" and sentenced to life in prison without the possibility of parole.
The appellant contends that the trial court erred in denying his motion to quash the jury venire because the venire he was given to strike a jury from contained only 2 black jurors and there were 10 other black jurors available. The appellant is black. He does not contend that the procedure for selecting the jury venire for the week was influenced by racial considerations or that he was entitled to a certain proportion of black jurors on the jury venire.
The record reveals that two black jurors were on the panel given to the appellant *Page 1024 
from which he could strike a jury. There were 12 black jurors on the total jury venire. The trial judge stated that the 10 remaining black jurors were engaged in other trials and that the appellant was given the total venire, except for those jurors who were engaged in other trials.
The appellant contends in his brief that the 10 black jurors were available to the court. There is nothing in the record, however, to support this claim. Thus, the record reflects no factual basis to support the appellant's claim. An appellate court cannot consider matters and allegations outside the record. Fuller v. State, 472 So.2d 452
(Ala.Crim.App. 1985); Hollins v. State, 415 So.2d 1249
(Ala.Crim.App. 1982); Trest v. State, 409 So.2d 906
(Ala.Crim.App. 1981). The burden is on the appellant to show error.Gilbert v. State, 401 So.2d 342 (Ala.Crim.App. 1981). In the absence of a showing that the ten black jurors were available and were excluded from the venire, we must presume that the trial judge acted properly. Seegenerally, Gilbert.
For the reasons set out above, this cause is due to be, and hereby is, affirmed.
AFFIRMED.
All the Judges concur.
BOWEN, J., concurs in result only.