ON RETURN TO REMAND
This case was remanded so that the appellant, Nathaniel Toles, could perfect a direct appeal. 565 So.2d 301. Toles pleaded guilty to robbery in the first degree, a violation of § 13A-8-41, Code of Alabama 1975. He was sentenced to 20 years' imprisonment. He contends on appeal that his plea was not voluntary. However, a careful review of the record reveals that this issue was not presented before the trial court. This could have been accomplished by a timely objection, a motion to withdraw the guilty plea, or a motion for a new trial. As stated in Willis v. State, 500 So.2d 1324 (Ala.Cr.App. 1986):
 "[B]efore an issue raising the validity of a guilty plea is cognizable in this court, the issue must be first presented to the trial court by timely objection, a motion to withdraw the guilty plea, or motion for new trial. . . . It is for the trial court, which accepted the plea, to consider and correct, in the first instance, any error which may have been committed or any deficiency in the proceedings."
Willis, 500 So.2d at 1324.
Furthermore, the record is clear that the plea was voluntarily made. The trial court had a lengthy colloquy with the appellant. The appellant had read his Ireland form and acknowledged that he understood it. He understood the nature of the offense, the range of punishment he could receive, and all the rights he was giving up by pleading guilty. The trial court did not err in accepting the appellant's guilty plea.
OPINION EXTENDED; AFFIRMED.
All the Judges concur.
 *Page 285