This is a consolidated appeal resulting from the appellant's conviction of the following crimes against D.V.: 1) burglary in the first degree, in violation of § 13A-7-5, Code ofAlabama 1975; 2) rape in the first degree, in violation of § 13A-6-61, Code of Alabama 1975; 3) sodomy in the first degree, in violation of § 13A-6-63, Code ofAlabama 1975; and 4) kidnapping in the second degree, in violation of § 13A-6-44, Code of Alabama 1975, and from the appellant's guilty pleas to the following crimes against A.L.: 1) rape in the first degree, in violation of § 13A-6-61, Code of Alabama 1975; 2) sodomy in the first degree, in violation of § 13A-6-63, Code ofAlabama 1975; and 3) kidnapping in the second degree, in violation of § 13A-6-44, Code of Alabama 1975, entered approximately 1 month after the jury returned its verdict in the D.V. case. The record indicates that the trial court thoroughly interrogated the appellant as to whether he understood the consequences of his guilty plea in the A.L. case. After the appellant indicated that he fully understood the ramifications of a guilty plea, he was allowed to enter a guilty plea in the A.L. cases and a judgment of conviction was entered against the appellant. Subsequent thereto, a sentencing hearing was held in both cases. With respect to the D.V. case, the trial judge orally sentenced the appellant to 99 years' imprisonment on the burglary conviction, 20 years' imprisonment on the kidnapping conviction,[1] 99 years' imprisonment on the rape conviction, and 99 years' imprisonment on the sodomy conviction, with the sentences to run concurrently. With respect to the A.L. case, the trial judge sentenced the appellant to 20 years' imprisonment on the kidnapping conviction, 99 years' imprisonment on the rape conviction, and 99 years' imprisonment on the sodomy conviction, with the sentences to run concurrently.
 I
The appellant argues that the trial court abused its discretion in denying his motion for a change of venue in the case involving D.V. He argues that because the victim was a well known court reporter for *Page 1258 
one of the circuit judges in that county. The appellant, however, offered no evidence in support of his motion. A bare allegation is not sufficient to prove that the defendant was actually prejudiced or that the community was so saturated with prejudicial publicity as to render the trial setting inherently suspect.
In Ex parte Grayson, 479 So.2d 76, 80 (Ala. 1985), cert. denied, 474 U.S. 865 (1985), the Alabama Supreme Court held:
 "Absent a showing of abuse of discretion, a trial court's ruling on a motion for change of venue will not be overturned. Ex parte Magwood, 426 So.2d 929, 931 (Ala.), cert. denied, 462 U.S. 1124, 103 S.Ct. 3097, 77 L.Ed.2d 1355 (1983). In order to grant a motion for change of venue, the defendant must prove that there existed actual prejudice against the defendant or that the community was saturated with prejudicial publicity. Sheppard v. Maxwell, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966); Franklin v. State, 424 So.2d 1353 (Ala.Crim.App. 1982). Newspaper articles or widespread publicity, without more, are insufficient to grant a motion for change of venue. Anderson v. State, 362 So.2d 1296, 1298 (Ala.Crim.App. 1978). As the Supreme Court explained in Irvin v. Dowd, 366 U.S. 717, 723, 81 S.Ct. 1639, 1642-43, 6 L.Ed.2d 751 (1961);
 " 'To hold that the mere existence of any preconceived notion as to the guilt or innocence of an accused, without more, is sufficient to rebut the presumption of a prospective juror's impartiality would be to establish an impossible standard. It is sufficient if the juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court. . . .'
 "The standard of fairness does not require jurors to be totally ignorant of the facts and issues involved. Murphy v. Florida, 421 U.S. 794, 799-800, 95 S.Ct. 2031, 2035-2036, 44 L.Ed.2d 589 (1975). Thus, e'[t]he proper manner for ascertaining whether adverse publicity may have biased the prospective jurors is through the voir dire examination.' Anderson v. State, 362 So.2d 1296, 1299 (Ala.Crim.App. 1978)."
The record indicates that the appellant called as a witness an employee at a local television station in an attempt to prove that pretrial publicity had saturated the community. The record further indicates, however, that that particular witness testified that the appellant's case had been reported as a routine news story by his station and had not been inordinately publicized. More importantly, the voir dire of the prospective jurors was not made a part of the record. Thus, the appellant failed to prove that he was actually prejudiced by pretrial publicity. See Irvin v. Dowd, 366 U.S. 717,81 S.Ct. 1639, 6 L.Ed.2d 751 (1961).
 II
The appellant argues that the trial court erred when it denied his motion for an independent psychiatric examination. He argues that, because he was incarcerated he had no opportunity to consult with a psychiatrist without the trial court issuing a transport order or authorizing him to have a psychiatrist examine him at the county jail.
The appellant's argument is unsupported by the record. The record indicates that the trial court granted the appellant's motion for an independent examination but denied a request for funding of that examination. Prior to the filing of this motion, the appellant was examined by a psychiatrist provided by the State. That psychiatrist testified that the appellant did not exhibit any psychotic symptoms. Moreover, the trial court, in a pretrial hearing on the motion, determined that the appellant possessed the ability to communicate with his attorney and that he understood the proceedings against him.West v. State, 511 So.2d 258 (Ala.Cr.App. 1987). No error occurred here.
 III
The appellant argues that the trial court erred in failing to grant his motion for a continuance to secure an independent psychiatric examination. He argues that the motion should have been granted because there was a misunderstanding between *Page 1259 
his counsel and the trial court. The appellant's motion for a continuance was made on the day of trial.
On McLeod v. State, 581 So.2d 1144, 1153
(Ala.Cr.App. 1990), this Court held:
 "A motion for a continuance is addressed to the sound discretion of the trial court, and his decision will not be overturned on appeal absent a showing of abuse of that discretion. Fletcher v. State, 291 Ala. 67, 68, 277 So.2d 882, 883
(1973). Where a motion for continuance is made on the ground that a witness or evidence is absent, however, the motion should be granted if the following criteria are met:
 " '(1) the expected evidence must be material and competent; (2) there must be a probability that the evidence will be forthcoming if the case is continued; and (3) the moving party must have exercised due diligence to secure the evidence.' "
 "Ex parte Saranthus, 501 So.2d 1256, 1257
(Ala. 1986), quoted in Reese v. State, 549 So.2d 148, 151 (Ala.Cr.App. 1989)."
See also McFarland v. State, 581 So.2d 1249
(Ala.Cr.App. 1991); Rule 11.5, A.R.Cr.P.
Because the appellant has failed to show that the denial of the motion for a continuance prejudiced him, the judgment of the trial court on that issue is affirmed.
 IV
The appellant argues that the trial court erred in refusing to grant his motion in limine regarding out-of-court statements made by him to police officers. Appellant argues that the statements should have been excluded because the statements were obtained under circumstances where the officers knew or should have known that their comments would elicit an "incriminating" response from the appellant.
Officers DeVane and Shirah took the appellant to the hospital to have a rape kit examination. Although the appellant was under arrest and had been given the Miranda warnings as per Miranda v. Arizona, 384 U.S. 436,86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), he was not being interrogated at the hospital. Sergeant DeVane testified that he did not ask the appellant any questions at the hospital. The appellant however, initiated a conversation with the officers, asking if they thought he had raped the victim. When the officers responded affirmatively, the appellant stated that the rape trial would be reduced to a swearing match.
In Bradley v. State, 577 So.2d 541, 550 (Ala.Cr.App. 1990), this court held:
 "[B]efore the [Miranda] warnings need be given, it must be established that the subject was both 'in custody' and under 'interrogation' by police officers. . . . [I]n order to be in custody, an individual must be subject to "formal arrest or restraint in freedom of movement of the degree associated with a formal arrest." ' "
In West v. State, 511 So.2d 258, 263 (Ala.Cr.App. 1987) wherein this court stated:
 " 'Incriminating statements made in the course of casual conversation are not the products of a custodial interrogation.' United States v. Satterfield, 743 F.2d 827, 849 (11th Cir. 1984). Volunteered statements are not rendered inadmissible in the absence of Miranda
warnings. See McWilliams [v. State], supra [476 So.2d 1244] at 1245-46 [(Ala.Cr.App. 1985)]; Stahl [v. State], supra [426 So.2d 909] at 914 [(Ala.Cr.App. 1982)]; Satterfield, supra at 849. The trial court committed no error by admitting the appellant's volunteered statement. Shewey v. State, 48 Ala. App. 730, 267 So.2d 520 (1972); Bills v. State, 49 Ala. App. 726, 275 So.2d 706 (1973); Ala. Digest, Criminal Law, Key No. 412.1(1).' "
 V
The appellant argues that the trial court erred when it allowed a police officer to testify about the victim's identification of the appellant during a photographic lineup. This issue has not been preserved for appellate review. The record indicates that the appellant failed to timely object on these grounds at trial. Ross v. State, 581 So.2d 495
(Ala. 1991); Jordan v. State, 574 So.2d 1024
(Ala.Cr.App. 1990); Weaver v. State, 564 So.2d 1007
(Ala.Cr.App. 1989). *Page 1260 
 VI
The appellant argues that the trial court erred when it denied his motion for mistrial, which was based on prosecutorial misconduct. In Morton v. State,581 So.2d 562, 565 (Ala.Cr.App. 1991) this court stated:
 " 'The granting of a mistrial is an extreme measure and should be exercised only when manifestly necessary or when the ends of justice would otherwise be defeated.' Free v. State, 495 So.2d 1147, 1157 (Ala.Crim.App. 1986). The grant or denial of a motion for mistrial lies within the sound discretion of the trial court and will not be reversed absent a clear abuse of discretion. Free; Favor v. State, 389 So.2d 556 (Ala.Crim.App. 1980)."
 A
The appellant argues that the prosecutor improperly showed a pair of ladies' panties to the jury in his opening statement and that those panties were never introduced into evidence.
The record reveals that the prosecutor did show the jury a pair of ladies' white panties. Defense counsel's objections were sustained on grounds of relevancy. No curative instruction was sought, however. Desimer v. State, 535 So.2d 238
(Ala.Cr.App. 1988); Dixon v. State, 476 So.2d 1236
(Ala.Cr.App. 1985). In Gray v. State, 568 So.2d 381
(Ala.Cr.App. 1990), wherein the jury was allowed to view two guns, which were not admitted into evidence, this court held:
 "In the present case, there is no showing that the appellant was unduly prejudiced by the jury's viewing the weapons. In Benford v. State, 435 So.2d 1327 (Ala.Cr.App. 1981)e, the appellant argued that because the jury had an opportunity to view a weapon and a glove, which were not admitted into evidence, he was entitled to a mistrial. This court, however, was not persuaded that the action resulted in any prejudice to the appellant, nor are we persuaded in the instant case that the appellant was prejudiced.
 " 'An error that might have been prejudicial in a close case does not require reversal when the evidence of the defendant's guilt is strong. Further, in such a case the defendant must show that the trial court's error was, in fact, prejudicial to him. Moreover, before a criminal conviction is to be reversed, it must appeal to the court that the error complained of has probably injuriously affected the substantial rights of the defendant.' "
Here, as in Gray, supra, the appellant failed to show that the error complained of injuriously affected any of his substantial rights. Therefore, we conclude that the appellant was not prejudiced by the jury's seeing the ladies' underwear, although it was never admitted into evidence.
 B
The appellant argues that the prosecutor improperly introduced evidence of unrelated offenses concerning A.L. during the trial relating to D.V. The record reveals that after the trial court denied the appellant's motion for mistrial based on prosecutorial misconduct, the prosecutor suggested to defense counsel that he could ask for a limiting instruction. Defense counsel deferred to the trial court's judgment. The record reveals that the trial court determined that a limiting instruction would only unnecessarily focus the jury's attention on possible unrelated offenses, and thus, decided against one. It is well-settled that the trial court has wide discretion in determining what curative measures are required. Colvettev. State, 568 So.2d 319 (Ala.Cr.App. 1990).
 C
The appellant argues that the prosecutor improperly focused on the appellant's failure to testify. The appellant alleges that the prosecutor made an improper comment during closing argument when he turned to him and asked a question.
Our examination of the record indicates that the prosecutor's comments were not made a part of the record. It is the duty of the appellant to submit a complete record. Abbott v.State, 494 So.2d 789 (Ala.Cr.App. 1986). This court will not presume error *Page 1261 
from a silent record. Childs v. State, 574 So.2d 1023
(Ala.Cr.App. 1990).
 VII
The appellant argues that the trial court erred when it denied his motion for judgment of acquittal, which was based on insufficiency of the evidence to support his conviction for kidnapping in the second degree. More particularly, he argues that the State failed to prove that he intended to secretly confine or imprison the victim, because she was never removed from her own property.
The evidence presented by the State tended to show that the victim was dressing for a party when the appellant burglarized her home, put a knife to her throat, and proceeded to drag her outside, where he then raped and sodomized her at knifepoint.
Section 13A-6-44, Code of Alabama 1975, provides:
 "(a) A person commits the crime of kidnapping in the second degree if he abducts another person.
 "(b) A person does not commit a crime under this section if:
 "(1) The abduction is not coupled with intent to use or to threaten to use deadly force,
 "(2) The actor is a relative of the person abducted, and,
 "(3) The actor's sole purpose is to assume lawful control of that person.
 "The burden of injecting the issue of defense under this subsection is on the defendant, but this does not shift the burden of proof.
 "(c) Kidnapping in the second degree is a Class B felony."
"Abduction is defined at § 13A-6-40(2), Code ofAlabama 1975, as follows:
 "(2) Abduct. To restrain a person with intent to prevent his liberation by either:
 "a. Secreting or holding him in a place where he is not likely to be found, or
 "b. Using or threatening to use deadly physical force."
In Newton v. State, 540 So.2d 800, 801 (Ala.Cr.App. 1988), this court stated:
 "In order to establish kidnapping in the second degree, the State must show that the accused prevented the liberation of the victim either by the use of or threat or use of deadly physical force, or with intent to secrete the victim in a place where she was not likely to be found. The State does not have to prove both."
Here, the State established that the appellant threatened to use physical force against the victim. Thus, the State did not have to show the appellant's intent to secretly confine the victim. Accordingly, there was sufficient evidence to find the appellant guilty of kidnapping in the second degree.
 VIII
The appellant argues that the trial court erred in accepting his guilty pleas in the cases involving victim A.L. Specifically, he argues that the guilty pleas were not voluntary because, he says, 1) he was not represented by counsel at all stages of the proceedings; 2) he was not informed of the minimum and maximum possible sentences; 3) he was not informed of the constitutional rights that would be waived upon his plea of guilty; 4) the trial court failed to ascertain whether any promises or inducements had been made to him in exchange for his guilty plea; 5) the trial judge failed to ascertain whether there was a factual basis for the guilty plea; and 6) he was not informed of all elements of the offense when he pleaded guilty.
The record indicates, however, that the appellant failed to preserve these issues for appellate review by way of objection or a motion to withdraw his guilty plea. Toles v.State, 572 So.2d 1325 (Ala.Cr.App. 1990); Lane v.State, 564 So.2d 90 (Ala.Cr.App. 1990).
 IX
The appellant argues that the trial court erred in sentencing him to 90 years' imprisonment on the conviction of kidnapping in the second degree. He argues that *Page 1262 
the appropriate range of punishment for the convicted offense, which is a Class B felony, is not more than 20 years or less than 2 years.
The record indicates that the trial judge orally sentenced the appellant to 20 years' imprisonment on the kidnapping conviction. However, the case action summary sheet indicates that the appellant was sentenced to 90 years' imprisonment.
It is well stated that "recitals in the judgment or minute entries impart absolute veracity unless contradicted by other portions of the record." Harper v. City of Troy,467 So.2d 269, 270 (Ala.Cr.App. 1985); Traylor v. State,466 So.2d 185 (Ala.Cr.App. 1985). Because the sentence pronounced in the presence of the appellant differs from the sentence recited in the case action summary sheet, this case must be remanded to the trial court for proper sentencing. The trial court is directed to resentence the appellant in conformity with the authorities herein cited and to correct the case action summary sheet within 30 days of the release of this opinion to reflect the sentence pronounced.
REMANDED FOR PROPER SENTENCING.
All Judges concur.
[1] Although the record indicates that the trial judge orally sentenced the appellant to 20 years' imprisonment on the kidnapping conviction, the case action summary sheet indicates that the appellant was sentenced to 90 years' imprisonment on that conviction. This issue is addressed in Issue IX of this opinion.