Glenn Ford, the appellant, was convicted of burglary in the third degree and was sentenced to 15 years' imprisonment. He raises five issues on this direct appeal from that conviction.
 I
The appellant claims that the venire panel from which his jury was selected did not represent a fair cross-section of the community. He complains that only 3 of the 29 persons on the panel, or 10.34%, were black, whereas the black population of Baldwin County is "somewhere between 10 and 16%." R. 25. As in Johnson v. State, 502 So.2d 877, 880
(Ala.Cr.App. 1987), the appellant "makes no claim as to proportionality on the master list, but only as to the venire in his case."
The appellant misapprehends the nature of the fair cross-section requirement of the Sixth Amendment. In order to establish a violation of this requirement, the appellant has the burden of proving a systematic exclusion of blacks resulting in their under-representation on the jury rolls. See Duren v. Missouri, 439 U.S. 357, 364, 99 S.Ct. 664, 668,58 L.Ed.2d 579 (1979); Robinson v. State, 560 So.2d 1130, 1132
(Ala.Cr.App. 1989). The appellant presented no evidence of systematic exclusion and concedes in his brief that "[i]n the instant case, no specific allegation of systematic exclusion can be made." Brief of Appellant at 7.
 " 'The Constitution does not guarantee a defendant a proportionate number of his racial group on the jury panel or on the jury which tries him; it merely prohibits deliberate exclusion of an identifiable group from the juror selection process. . . . Mere statistical disparity between the number of blacks presumed eligible for jury duty and the number actually included in the jury roll does not of itself establish a primary inference of invidious discrimination.' "
Johnson v. State, 502 So.2d at 880 (quoting Smith v. State,364 So.2d 1, 11 (Ala.Cr.App. 1978)). The appellant has demonstrated no violation of the Sixth Amendment fair cross-section requirement. See DeFries v. State, 597 So.2d 742, 750
(Ala.Cr.App. 1992); White v. State, 587 So.2d 1218, 1221
(Ala.Cr.App. 1990), affirmed, 587 So.2d 1236 (Ala. 1991), cert. denied, ___ U.S. ___, 112 S.Ct. 979, 117 L.Ed.2d 142 (1992);Brundage v. State, 585 So.2d 238, 239 (Ala.Cr.App. 1991);Childs v. State, 574 So.2d 1023, 1024 (Ala.Cr.App. 1990).
 II
The appellant claims that the prosecutor's peremptory strike of veniremember W.L., a black man, was racially motivated and that it therefore violated Batson v. Kentucky,476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).
When the veniremembers were asked on voir dire whether any of them were acquainted with the appellant, W.L. answered that he had known the appellant for "about twenty years. He lives right there in the neighborhood of mine." R. 17. The prosecution challenged W.L. for cause and the court denied the challenge, commenting that the assistant district attorney could use W.L.'s answer "as a matter of information . . . in striking the jury." R. 23. The prosecutor then used one of his peremptory strikes to eliminate W.L. from the jury. W.L. was the only black person struck by the State.
Without determining whether the appellant had established a prima facie case of discrimination under Batson and Ex parteBranch, 526 So.2d 609 (Ala. 1987), the trial court ruled that W.L.'s acquaintance with the appellant "was a sufficiently race neutral reason for striking him." R. 30. That ruling was clearly correct. See Ex parte Lynn, 543 So.2d 709, 711 (Ala. 1988), cert. denied, 493 U.S. 945, 110 S.Ct. 351,107 L.Ed.2d 338 (1989); Wilsher v. State, 611 So.2d 1175, 1182 (Ala.Cr.App. 1992); Knight v. State, 622 So.2d 426 (Ala.Cr.App. 1992);Strother v. State, 587 So.2d 1243, 1247 (Ala.Cr.App. 1991). *Page 1070 
A prosecutor's explanation for his exercise of a peremptory strike "need not rise to the level of a challenge for cause."Ex parte Branch, 526 So.2d at 623. Contrary to the appellant's argument, "[i]t was . . . unnecessary in this case for the prosecution to establish that [W.L.'s] acquaintance with the appellant . . . was 'such that it would result in probable prejudice.' " Wilsher v. State, 611 So.2d at 1182.
 III
After the jury had been struck and the clerk had announced the names of those veniremembers who had been chosen for jury service, Juror J.H. asked to approach the bench. He told the trial judge that he knew the appellant's wife "real well" and would feel "a little awkward" about serving on the jury. R. 27. The assistant district attorney suggested that Juror J.H. be excused since "[w]e have an alternate that's been selected [and] [w]e can proceed without having to reselect a jury," R. 27. Defense counsel objected and the following occurred:
 "[DEFENSE COUNSEL]: He says he knows the [appellant's] wife well. He has not said that he knows [the appellant] well or that, you know, the fact that he knows the wife would in any way influence his ability to be fair and impartial.
 "[ASSISTANT DISTRICT ATTORNEY]: There will be evidence presented, judge, something about the [appellant's] wife in this case.
 "THE COURT: Mr. [H.], obviously as soon as your name was called out you were seated in the jury box, before I swore the jury you indicated you wanted to talk to me. Are you telling me that you don't really want to serve as a juror in this case because of your relationship or . . .?
 "A JUROR: Yes. Like I said, I knew the [appellant's] family, but I know the wife more so.
"THE COURT: Than you do [the appellant]?
"A JUROR: Yes.
". . . .
 "THE COURT: How do you know his wife? You said you went to school with her?
 "A JUROR: I went to school with her. She used to date my brother. We used to be good friends.
 "THE COURT: Okay. All right. The Court is going to grant the State's motion to excuse Mr. [H.] and replace him with the alternate that was seated." R. 28-29.
The test for determining whether a juror who is acquainted with someone involved in the litigation should be excused for cause is whether the juror's acquaintance with that person would result in "probable prejudice." Vaughn v. Griffith,565 So.2d 75, 77 (Ala. 1990), cert. denied, 498 U.S. 1097,111 S.Ct. 987, 112 L.Ed.2d 1072 (1991); Village Toyota Co. v.Stewart, 433 So.2d 1150, 1156 (Ala. 1983).
 "Probable prejudice for any reason disqualifies a prospective juror. Qualification of a juror is a matter within the discretion of the trial court and, on appeal, this court will look to the questions propounded and the answers given by the prospective juror to see if this discretion was properly exercised."
Black Belt Wood Co. v. Sessions, 514 So.2d 1249, 1255 (Ala. 1986) (quoting Alabama Power Co. v. Henderson, 342 So.2d 323,327 (Ala. 1976)).
 "This Court is well aware of the principle that '[o]nce a [prospective] juror makes an initial statement that is vague, ambiguous, equivocal, uncertain or unclear or that shows confusion, it is the trial judge's function to question the juror further, so as to ascertain whether the juror can be impartial.' Knop v. McCain, 561 So.2d 229, 234 (Ala. 1989)."
Morrison v. State, 601 So.2d 165, 168 (Ala.Cr.App. 1992).
Here, the trial court did not specifically ask Juror J.H. whether his acquaintance with the appellant's wife would affect his ability to be impartial as a juror. Nevertheless, "[b]road discretion is vested with the trial court in determining whether or not to sustain challenges for cause."Ex parte Nettles, 435 So.2d 151, 154 (Ala. 1983). *Page 1071 
 "Although the prospective juror's answers indicated reluctance and hesitation rather than definite inability to decide the case on the evidence alone, the trial judge was in a position to observe the demeanor and determine the prejudice of the venireman. The decision of a trial court to disqualify a juror on a challenge for cause is entitled to great weight and will not be disturbed on appeal unless clearly shown to be an abuse of discretion."
Carter v. State, 420 So.2d 292, 295-96 (Ala.Cr.App. 1982). SeeDinkins v. State, 584 So.2d 932, 933 (Ala.Cr.App. 1991) (trial court did not abuse discretion in excusing juror who admitted knowing the accused and his family and who told the court that his personal association with them "would make it difficult for him to serve"); Woods v. State, 568 So.2d 331, 332-33
(Ala.Cr.App. 1990) (trial court did not abuse discretion in excusing juror whose brother "used to 'go with' defendant's sister" and who stated that she would "rather not serve"). There was no abuse of discretion here.
 IV
When Larry Bridges, the owner of the house that the appellant burglarized, discovered the appellant and his codefendant running from the house, he captured the two men and held them at gunpoint until the police arrived. Bridges testified that before the police arrived, the appellant said to him, "Please just let me give you back your stuff and go. I can't go to prison. I'll die if I go to prison." R. 45. The appellant complains that this statement was not disclosed to him prior to trial pursuant to the court's discovery order.
Rule 16.1, A.R.Crim.P., requires that the State disclose to the accused only those "statements made by the defendant to any law enforcement officer, official, or employee." A defendant's statement to the victim of the criminal offense is not within the purview of Rule 16.1, and need not be disclosed. Lawson v. State, 557 So.2d 1311, 1314 (Ala.Cr.App. 1989).
 V
The appellant's motion for a judgment of acquittal made on the ground that the State failed to prove a prima facie case of burglary in the third degree was correctly denied. The testimony at trial presented a jury question as to whether the appellant knowingly entered or remained unlawfully in Bridges' house with intent to commit a crime therein. SeeSwicegood v. State, 565 So.2d 1206, 1208-09 (Ala.Cr.App. 1990);Hall v. State, 488 So.2d 1386, 1388-91 (Ala.Cr.App. 1986).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.