274 So.2d 93

**Rickey Lenn THOMAS, alias**

v.

**STATE.**

**6 Div. 145.**

Court of Criminal Appeals of Alabama.

Feb. 27, 1973.

Jones, Propst & Topazi, Birmingham, for appellant.

William J. Baxley, Atty. Gen. and J. Victor Price, Jr., Asst. Atty. Gen., for the State.

PER CURIAM.

A jury convicted defendant of robbery as charged in an indictment and fixed his punishment at ten years imprisonment in the penitentiary. Following allocution, the trial court pronounced sentence in accordance with the verdict and entered judgment from which his appeal is taken.

The alleged victim of the offense was Mrs. Alma Jo Jenkins who at the time was in her beauty shop at 4104 Seventh Avenue, in Wylam, Jefferson County. The time was about 6:10 P.M., April 12, 1968, when Mrs. Jenkins was serving her last customer.

The offender made known to these two women his purpose to rob them and directed where they should stand in the room; he also warned them not to scream, and if they observed this command, no one would get hurt. As he was about to depart, after obtaining about $165.00 from Mrs. Jenkins, he imprisoned both victims in a restroom by placing a chair against the door. After the offender left, Mrs. Jenkins and her customer managed to escape and called the police.

The police responded to the call, made an investigation, and obtained a description of the robber. On April 16, 1968, Mrs. Jenkins recognized the defendant as the person who had robbed her. He was across the street, near the beauty shop, in an automobile which had become immobilized from mechanical trouble. Mrs. Jenkins followed a towing car which took the immobilized automobile and defendant to a nearby filling station whereto the police came in response to a call from her. The defendant was there arrested and later identified by Mrs. Jenkins in a lineup with several other black persons.

Appellant here contends for a reversal based on two points, (1) that the trial court committed reversible error in denying his motion for a mistrial based on the conduct of a prospective woman juror on her qualifying examination by the trial court and concluded on voir dire by appellant, and (2) the refusal of the trial court to admit in evidence over objection of the State two checks which defendant cashed at a local bank. These checks were offered in support of an alibi upon which defendant relied to establish his plea of not guilty.

Anent contention one. The record fails to set out the qualifying questions propounded by the trial court and the answers of the juror thereo. On defendant's voir dire examination, Mrs. Brodie, the juror, responded thereto that Mrs. Jenkins was

 

her beauty operator. Thereupon the prose-cuting attorney asked Mrs. Brodie if she had heard any of the facts of the case discussed. Mrs. Brodie replied:

"Yes, I have. In fact, I had just left about fifteen minutes when it happened, and I was called to identify this boy but I could not identify him, so I don't think I should serve on the jury. I really don't."

The court thereupon excused Mrs. Brodie from serving on the case. Counsel for defendant said he had no objection to the excusal.

The trial court then proceeded to hear in chambers outside the hearing of the jury defendant's oral motion for a mistrial. The contention was in substance that Mrs. Brodie, in response to the court's qualifying questions, deliberately failed to reveal her acquaintance with Mrs. Jenkins and the fact that she was in the shop about fifteen minutes before the robbery took place; that the purpose of such failure to reveal on direct questioning by the trial court was that she wanted to be called as a juror, but failed in such purpose when the defendant on voir dire "smoked her out." Defendant asserts here that the conduct of Mrs. Brodie created ineradicable prejudice against defendant.

 We here can be guided only by the record before us. We cannot read into the record any atmospheric prejudice to the defendant as he contends resulted from the alleged efforts of Mrs. Brodie to conceal her acquaintance with Mrs. Jenkins and her presence at the scene a few minutes before the robbery. The record is silent as to the court's qualifying questions to the juror and her answers thereto. We are bound by the record and cannot consider statements in brief not supported by the record. MacMahon v. City of Mobile, 253 Ala. 436, 44 So.2d 570. Mrs. Brodie's answer on voir dire was not per se prejudicial to defendant. The trial court was free of error in overruling the motion if such was the proper procedure.

 With respect to the second contention, supra. The ruling of the trial court in sustaining the State's objections to the admission in evidence of two checks which defendant contends he cashed and which tend to support his alibi was also correct and free of error. Both checks show on their face that they were drawn on the First National Bank of Birmingham; that they were cashed by the Exchange Security Bank of Birmingham by a teller on April 11, 1968, which was the day before the robbery. A stamp of the First National Bank of Birmingham shows that this institution paid both checks on April 15, 1968. The objection of the State to the admission in evidence of these two instruments was valid. They do not shed any light on the whereabouts of defendant on the hour and day of the robbery, April 12, 1968.

Our search of the record fails to reveal any error on the part of the trial court that was prejudicial to defendant. The judgment is due to be affirmed.

Affirmed.

All the Judges concur.