This is an appeal from a conviction of murder in the first degree and a sentence to life imprisonment.
No contention is made, and no reasonable contention can be made, that the evidence was insufficient to support the verdict of the jury. In many respects the evidence was substantially the same as narrated in *Page 879 Alexander v. State, 337 So.2d 99 (Ala.Cr.App.), wherein appellant had been convicted of murder in the first degree of the same person, Mr. Olmstead Copeland, Jr., a fireman for the City of Tuscaloosa.
The major difference between the testimony in Alexander and the testimony in this case is that in Alexander, defendant admitted being present with James Turk and another man when Turk shot Copeland. He claimed he protested the action of Turk but indicated that he was afraid of injury or death at the hands of Turk if he reported the incident. In contrast, defendant in this case testified that he was not with Alexander and another man when they went to Tuscaloosa the night of Mr. Copeland's death, but that afterwards that night Alexander came to Turk's home and prevailed upon Turk to keep for him a pistol, with which the evidence shows that Copeland was killed, as well as other items linked with the homicide of Mr. Copeland and the homicide of Mr. John Harbin[1] in Birmingham the same night. The pistol with which Mr. Copeland was killed was found on the console of an automobile being driven by Turk about two weeks after Mr. Copeland's death.
Other evidence not presented in Alexander consisted of the testimony of the woman with whom Turk was living and that of her brother. Each testified that defendant admitted that he had been to Tuscaloosa the night of Mr. Copeland's death and had "shot a wrecker driver" in the head with a pistol.
The evidence shows that at the time of Mr. Copeland's death, he had been using his truck with a wench on it to extricate an automobile from a median in I-59 south of Tuscaloosa.
The only insistence on a reversal is based on the action of the trial court in overruling defendant's motion for a change of venue. It is shown by the following:
 "MR. BURROUGHS: The defense would move for a continuance due to the fact forty-three out of fifty-nine jurors said that they had read an account of the slaying or the death of the deceased in this case, Olmstead Buddy Copeland, Junior, and the defense feels like even though no one answered in the affirmative that it would affect their decision in this case, that subconsciously it would have to have an effect, or it would have an effect on their decision.
"THE COURT: Your motion is overruled.
"MR. BURROUGHS: The defense respectfully excepts.
 "And at this time the defendant moves for a change of venue on the same grounds just stated. Further that he cannot get a fair trial in this County because of the widespread publicity and publication given to the case, and the sensationalism attached to the case, and as exhibited by the number of jurors that read of the case and have knowledge of the case.
 "THE COURT: You are respectfully overruled on your motion for change of venue.
 "MR. BURROUGHS: We respectfully except, Your Honor."
The foregoing is exhaustive of the record as to defendant's efforts to obtain a change of venue.
The record does not show any of the published material upon which defendant's motion for a change of venue was based. In his brief appellant attempts to buttress his contention that a change of venue should have been granted, by assertions of the number of times the local newspaper "carried . . . stories about this case" and as to the front page position of the story. He also asserts in his brief that the newspaper coverage was "so emotional, biased and prejudicial as to deny" the defendant his right to a fair trial.
For an appellate court to reverse a trial court for its failure to grant a motion for a change of venue, there must be some showing, other than the assertions of appellant in his brief, to the effect that defendant *Page 880 
could not have a fair and impartial trial in the county in which the case is pending. An appellate court is bound by the record and cannot consider contentions in defendant's brief that are not supported by the record. Dockery v. State,269 Ala. 564, 114 So.2d 394 (1959); Edwards v. State, 287 Ala. 588,253 So.2d 513 (1971); Williams v. State, 52 Ala. App. 207,290 So.2d 668, writ denied, 292 Ala. 758, 290 So.2d 672 (1973);Boyd v. State, 50 Ala. App. 394, 279 So.2d 565 (1973); Thomas v.State, 49 Ala. App. 537, 274 So.2d 93 (1973); Magouirk v. State,49 Ala. App. 420, 272 So.2d 625 (1973); Lucy v. State,340 So.2d 840 (Ala.Cr.App.), cert. denied, 340 So.2d 847 (Ala. 1976).
No effort is made, except in insinuations in appellant's brief, to show that the publicity was injurious to defendant or that it would tend to prevent his obtaining a fair trial. The existence of widespread publicity does not in and of itself constitute a ground for a change of venue. Mathis v. State,280 Ala. 16, 189 So.2d 564, cert. denied, 386 U.S. 935,87 S.Ct. 963, 17 L.Ed.2d 807 (1966); Hurst v. State, 54 Ala. App. 254,307 So.2d 62, cert. denied, 293 Ala. 548, 307 So.2d 73 (1974);Payne v. State, 48 Ala. App. 401, 265 So.2d 185, cert. denied,288 Ala. 748, 265 So.2d 192, cert. denied, 409 U.S. 1079,93 S.Ct. 703, 34 L.Ed.2d 669 (1972).
In the absence of some showing of prejudicial influence on a jury, the trial court will not be held in error for refusing to grant a motion for a change of venue or a continuance based on pretrial publicity. Botsford v. State, 54 Ala. App. 482,309 So.2d 835, cert. denied, 293 Ala. 745, 309 So.2d 844 (1974).
We have searched the record for error prejudicial to defendant and have found none. The judgment below should be affirmed.
The foregoing opinion was prepared by Supernumerary Circuit Judge Leigh M. Clark serving as a judge of this Court under Section 2 of Act No. 288 of July 7, 1945, as amended; his opinion is hereby adopted as that of the Court. The judgment is hereby
AFFIRMED.
All the Judges concur.
[1] Turk v. State, Ala.Cr.App., 347 So.2d 588 (1977).