ON RETURN TO REMAND

BOWEN, Presiding Judge.
On July 24,1992, this Court remanded this cause for new sentence proceedings before the jury and before the trial court because we determined that evidence of the appellant’s prior Florida conviction based upon a plea of nolo contendere had been improperly admitted and considered in the original sentence proceedings. 653 So.2d 320. On January 25-28, 1993, sentence proceedings were held before a jury, after the appellant’s motion for a change of venue had been granted and the case had been transferred to Montgomery County. The jury recommended of imprisonment for life without parole by a vote of eight to four. On February 26, 1993, after a sentence hearing, the trial judge rejected the recommendation of the jury and sentenced the appellant to death. On April 23,1993, the record on return to remand was filed in this Court. The appellant filed his brief on May 23,1993. The appellee filed its brief on July 1, 1993.
The appellant raises four issues challenging the new sentencing proceedings that were held on remand.
I.
The appellant claims that he was entitled to a mistrial because, at the new sentence hearing before the jury, the State played a tape-recorded statement made by the appellant that specifically referred to the same Florida conviction that this Court had ruled inadmissible on original submission. We disagree.
At the resentencing hearing before the jury, the jury was permitted to hear a tape-recorded statement by the appellant that made reference to “a little bit [of trouble] down in Florida.” R. 412. That statement did not mention any prior conviction. Although it appears that defense counsel had previously heard the tape recording, objection was not made until after the tape had been played.
In denying the request for a mistrial the trial judge stated: “I don’t think it’s any major damaging thing.... I just don’t think it’s damaging enough for a mistrial.” R. 411. The trial court also instructed the jury as follows:
“Ladies and gentlemen, the latter statement made on that tape made reference to this testimony, ‘Have you ever been in any trouble before, yes, sir, a little bit down in Florida,’ you are to disregard any testimony from that tape about being in trouble a little bit down in Florida. That has nothing to do with this case at all. You should totally disregard that, and that should not be any evidence that you would consider in this case. It’s irrelevant to this case, and has no bearing on your considerations in any fashion.” R. 412.
Both of the appellant’s defense counsel indicated that they was satisfied with those instructions.
“A mistrial is a drastic remedy, to be used only sparingly and only to prevent manifest injustice, and the decision of whether to *345 grant a motion for a mistrial rests within the sound discretion of the trial court- Under certain circumstances prejudicial testimony may be eradicated by curative instructions by the trial court.” Ex parte Thomas, 625 So.2d 1156 (Ala.1993) (mention of gang membership highly prejudicial requiring mistrial where objection to comment not sustained).
“There is a prima facie presumption against error when the trial court immediately charges the jury to disregard improper remarks or answers. Desimer v. State, 535 So.2d 238 (Ala.Crim.App.1988); Dixon v. State, 476 So.2d 1236 (Ala.Crim. App.1985); Elmore v. State, 414 So.2d 175 (Ala.Crim.App.1982). ‘A motion for mistrial implies a miscarriage of justice and should only be granted where it is apparent that justice cannot be afforded.’ Dixon at 1240; Young v. State, 416 So. 2d 1109 (Ala.Crim.App.1982). ‘A trial judge is allowed broad discretion in determining whether a mistrial should be declared, because he is in the best position to observe the scenario, to determine its effect upon the jury, and to determine whether the mistrial should be granted.’ Dixon at 1240; Elmore. A mistrial is an extreme measure and should be denied when the prejudicial quality of the comment can be eradicated by curative instructions. Dixon; Young; Elmore.”
Garrett v. State, 580 So.2d 58, 59-60 (Ala.Cr. App.1991). In Sides v. State, 487 So.2d 1008, 1012 (Ala.Cr.App.1986), this Court noted:
“According to the appellant, his conviction is due to be reversed because of Prospective Juror Lane’s comment that T just know he’s in and out of trouble all of the time.’ Contrary to the appellant’s position, however, the prospective juror’s response on voir dire was not ‘per se prejudicial’ to the appellant. For this reason, the trial court’s denial of the request for a mistrial was proper. Thomas v. State, 49 Ala.App. 537, 539, 274 So.2d 93, 95 (1973).”
it cannot be argued that the appellant was prejudiced or that the jury was improperly influenced by the comment that the appellant had been in “a little bit of trouble” in Florida because the recommendation of the jury was that the appellant be sentenced to imprisonment for life without parole. See Giles v. State, 632 So.2d 568 (Ala.Cr.App.1992); Parker v. State, 587 So.2d 1072, 1095-96 (Ala.CrApp.1991), (Ala.Cr.App.1991), on return to remand, 610 So.2d 1171 (Ala.Cr. App.), affirmed, 610 So.2d 1181 (Ala.1992), cert, cert. — U.S.-, 113 S.Ct. 3053, 125 L.Ed.2d 737 (1993).
We also reject the appellant’s argument that the trial judge was improperly influenced by this statement. Initially, we note that the trial judge was the same trial judge who presided over the appellant’s trial and the original sentence hearings. This comment did not provide the judge with any “new” information. Furthermore, we assume that the trial judge did not consider this matter in sentencing the appellant to death. “[I]t is presumed that a trial judge will follow his own instructions.” Ex parte Harrell, 470 So.2d 1309, 1318 (Ala.), cert. denied, 474 U.S. 935, 106 S.Ct. 269, 88 L.Ed.2d 276 (1985).
Although we do not approve of the prosecutor’s conduct in this regard, we specifically reject the appellant’s argument that “the playing of this portion of the tape was an effort to circumvent the earlier ruling of this Court.” Appellant’s brief at 11.
II.
The appellant complains that at the sentence hearing the prosecutor argued facts not presented to the jury. Specifically, the appellant alleges that the prosecutor argued 1) that the appellant referred to the victim as “it,” 2) that the jury could infer that an older person would suffer more pain than a younger person would, and 3) that the appellant “liked to fight.” See R. 618-19, 621; 619-20; 621-22. We find that, although argumentative, these are legitimate inferences from the evidence.
Defense counsel made no objection to any of these remarks. We find that no single remark constituted plain error; neither did the cumulative effect of all three comments constitute plain error. See Kuenzel v. State, 577 So.2d 474, 489 (Ala.Cr.App.1990), af-af577 So.2d 531 (Ala.), cert, cert. 502 *346 U.S. 886, 112 S.Ct. 242, 116 L.Ed.2d 197 (1991).
III.
Despite the jury’s recommendation of imprisonment for life without parole, the trial court sentenced the appellant to death. The appellant claims that the trial court improperly found as an aggravating circumstance that the offense was especially heinous, atrocious, or cruel when compared to other capital offenses. The appellant also argues that the trial court should have considered as mitigating circumstances the facts that the appellant was a good employee, that he had been cooperative as a youngster, that he had voluntarily sought treatment for his drug problem, and that he had presented no trouble upon his arrest and it had not been necessary to handcuff him.
A.
In connection with this issue, the attorney general requests that this cause be “remanded to the trial court for clarification of the statutory mitigating circumstance findings.” Appellee’s brief at 24. The attorney general concedes that the trial court failed to comply with Ala.Code 1975, § 13A-5-47(d), in that the trial court failed to make any specific written finding concerning the mitigating circumstance defined in § 13A-5-51(1): “The defendant has no significant history of prior criminal activity.”
B.
The attorney general also requests this Court to remand this cause and to instruct the trial court on remand to “state the reasons it finds that the aggravating circumstances outweigh the mitigating circumstances, Carroll [v. State, 599 So.2d 1253, 1272-73 (Ala.Cr.App.1992), affirmed, 627 So.2d 874 (Ala.1993) ].” Appellee’s brief at 26. Considering the recommendation of the jury and the vagueness of the sentencing order of the trial court, we find merit to this request.
C.
In its sentencing order the trial court found the existence of the aggravating circumstance in Ala.Code 1975, § 13A-5-49(8): “The capital offense was especially heinous, atrocious, or cruel compared to other capital offenses.”
“The Court finds this offense was especially heinous, atrocious or cruel. The Defendant having worked for the victim prior to the crime, would have had knowledge that she was not only elderly, but that she was a widow and lived alone. He was much younger and larger than her being able to subdue her easily. During the struggle, Mrs. Riley received not only two deep knife cuts to the throat but also incurred numerous bruises to the throat and facial area, and had the inner boney structure of her throat or windpipe fractured or crushed causing a degree of strangulation.” C.R. 88.
The finding that the offense was especially heinus, atrocious, or cruel is highly questionable if it is based on the reasons stated by the trial court in its order.
“In Ex parte Kyzer, 399 So.2d 330, 334 (Ala.1981), th[e Alabama Supreme] Court held that the standard applicable to the ‘especially heinous, atrocious, or cruel’ aggravating circumstance under § 13A-5-49(8) is that for a crime to fit within that section it must be one of ‘those conscienceless or pitiless homicides which are unnecessarily torturous to the victim.’ ” Ex parte Bankhead, 585 So.2d 112, 124 (Ala.1991). See also Bui v. State, 551 So.2d 1094, 1119-20 (Ala.Cr. App.), affirmed, 551 So.2d 1125 (Ala.1989), vacated on other grounds, 499 U.S. 971, 111 S.Ct. 1613, 113 L.Ed.2d 712 (1991). “Since the 1981 case of Kyzer ..., the Alabama appellate courts have confined the application of the ‘heinous, atrocious or cruel’ aggravating factor to ‘those conscienceless or pitiless homicides which are unnecessarily torturous to the victim.’ ” Lindsey v. Thigpen, 875 F.2d 1509, 1514 (11th Cir.1989).
D.
presentence report, which is re-reto be included in the record, Ala.Code 1975, § 13A-5-47(b), is not contained in the record before this Court. The attorney gen-genrequest that this report be included in *347 the record on appeal is granted. See Rule 10(f), A.RApp.P.
Therefore, this cause is remanded for a second time to the trial court. On remand, the trial court shall do all of the 'following:
1. Reconsider its sentence determination and enter a new sentencing order.
2. Make specific written findings on the existence of each statutory aggravating and mitigating circumstance, and any additional nonstatutory mitigating circumstances.
a. In this regard, the trial court shall enter a specific written finding concerning the mitigating circumstance defined in § lSA-5-51(l): “The defendant has no significant history of prior criminal activity.”
b. The trial court shall reconsider the finding of the aggravating circumstance that the offense was “especially heinous, atrocious, or cruel,” § 13A-5-49(8), under the standard of Ex parte Kyzer, 399 So.2d 330, 334 (Ala.1981), and determine whether this crime is one of “those conscienceless or pitiless homicides which are unnecessarily torturous to the victim.”
3. State the reasons why any aggravating circumstance or circumstances outweigh the mitigating circumstances;
4. Supplement the record on appeal with the presentence report.
On remand, no additional hearings are anticipated and the presence of the appellant is not required. See Ex parte Pierce, 612 So.2d 516, 519 (Ala.1992).
The trial court shall comply with these instructions and file the appropriate documents in this Court within 21 days from the date of this opinion.
OPINION EXTENDED;
REMANDED WITH DIRECTIONS.
All Judges concur.