ON SECOND RETURN TO REMAND
On July 24, 1992, this death case was remanded for new sentencing hearings before the jury and before the trial court because at the original sentencing hearings the State had introduced evidence of the appellant's prior Florida conviction based on a plea of nolo contendere. The circuit court filed its return to remand on March 5, 1993, and a transcript of the sentencing proceedings was filed on April 23, 1993.
On August 13, 1993, this cause was remanded a second time with instructions that the trial court enter a proper and complete sentencing order and include certain documents in the record. 653 So.2d 343. We note that the attorney general requested this remand. Return to remand was filed on August 23, 1993.
The trial court entered its original sentencing order on May 20, 1991. A second "sentencing order" in response to the first order of remand was entered on February 26, 1993.[1] In response to the second order of remand, the trial court entered an "amended sentencing order on remand," dated August 18, 1993, in which it stated: "In this order the Court shall include the information from the first two pages of the prior sentencing order dated February 26, 1993, in the same form as set out therein without change. However, beginning with the review of aggravating circumstances the trial court will seek to comply with the requirements of the remand order." It is this "amended sentencing order" that is under review.
 I
In the amended sentencing order of August 18, 1993, the trial court found that the State had "proved beyond a reasonable doubt the existence" of two aggravating circumstances: 1) that the appellant committed the capital offense while engaged in the commission of a robbery in the first degree (Ala. Code 1975, § 13A-5-49(4)); and 2) that this offense was especially heinous, atrocious, or cruel compared to other capital offenses (§ 13A-5-49(8)).
In connection with the "especially heinous, atrocious or cruel" aggravating circumstance, the trial court expanded its prior findings and concluded:
 "The Court finds that this offense was especially heinous, atrocious or cruel. At the time of the crime, the Defendant had previously worked with the victim and knew that she was an elderly widow who lived alone. The Defendant was younger and larger than the victim, being able to subdue her easily.
 "At trial the forensic pathologist testified that the killing of Mrs. Riley took place over several minutes and by two methods. The slides and photographs as well as the testimony of the pathologist indicated a large number of cuts, nicks, abrasions, and bruises upon the upper part of the victim's body, indicating a protracted struggle and numerous blows to her upper body and head. Mrs. Riley's death was actually caused by two deep knife cuts to her throat and loss of blood therefrom but also by strangulation. The testimony included a description of the crushing of the inner bony structure of her throat and windpipe rising from severe pressure to the neck.
 "The nature of the wounds and the treatment of her body as evidenced by the *Page 349 
bruises and cuts would indicate that Mrs. Riley would have had to have suffered severe pain over several minutes while she was being attacked and dying. Such treatment of the victim would be considered conscienceless, pitiless, and unnecessarily torturous to her."
The trial court's reason for finding the existence of the heinous, atrocious, or cruel aggravating circumstance appears to fit within Ex parte Kyzer, 399 So.2d 330, 334 (Ala. 1981).
However, the trial court has yet to comply with the requirement of § 13A-5-47(d) that "the trial court shall enter specific written findings concerning the existence or nonexistence of each aggravating circumstance enumerated in section 13A-5-49." (Emphasis added). For this reason alone, this cause must be remanded yet again so that the trial court can enter a proper and correct sentencing order as required by statute.
 II
The trial court did not find the existence of any statutory mitigating circumstance in any of its sentencing orders. However, in its sentencing orders dated May 20, 1991, and February 26, 1993, the trial court did find the existence of two nonstatutory mitigating circumstances:
 "(7) The Court finds the existence of additional mitigating circumstances not enumerated in Section 13A-5-52 of the Alabama Code. The Defendant was born on November 18, 1964, and was reared in the Abbeville, Alabama, area. His father died when he was very young and he is the oldest of seven children born to his mother. He was involved in sports at Abbeville High School until he was expelled for selling drugs upon the school grounds during his junior year in high school.
 "(8) Since his incarceration on May 22, 1990, he has been a cooperative prisoner and has caused no problems at the Henry County Jail." R. 2327.
In its sentencing order of August 18, 1993, the trial court states:
 "MITIGATING CIRCUMSTANCES "The Trial Court adopts the findings in the previous sentencing order as to mitigating circumstances but adds thereto the following:
 "(9) The Court does not find that the Defendant has no significant history of prior criminal activity in that he was arrested and served time for robbery in the State of Florida prior to this case.
 "(10) The Court does not consider that Defendant was a good employee as a mitigating circumstance as there was testimony of absenteeism and fighting at work; nor that he was cooperative as a youngster as he was expelled for selling drugs while at school.
 "(11) Although it appears that the Defendant presented no trouble upon his arrest and that it was not necessary to handcuff him at that time, the Court does not consider such a substantial mitigating circumstance. The Court does not consider the fact, if it is true, that he voluntarily sought treatment for this drug problem a substantial mitigating circumstance although such fact was a matter of disputed evidence in this case." (Emphasis added.)
The trial court erred in connection with finding (9). The appellant was imprisoned in Florida for a conviction based upon a plea of nolo contendere. In our opinion on original submission, dated July 24, 1992, this Court recognized that a conviction based upon a plea of nolo contendere is not admissible in Alabama courts for any purpose in a subsequent proceeding. We then stated:
 "[L]ike the aggravating circumstance enumerated in § 13A-5-49(1), the statutory mitigating circumstance found in § 13A-5-51(1), that "[t]he defendant has no significant history of prior criminal activity," does not contain the word conviction. However, our Supreme Court has construed the latter provision to mean that only convictions can be considered in determining the existence or nonexistence of that mitigating circumstance. Cook v. State, 369 So.2d 1251, 1257
(Ala. 1978). See Hallford v. State, 548 So.2d 526, 544 (Ala.Cr.App. 1988) (on rehearing), affirmed, *Page 350 
 548 So.2d 547 (Ala.), cert. denied, 493 U.S. 945, 110 S.Ct. 354, 107 L.Ed.2d 342 (1989).
 "Because § 13A-5-49, which sets forth the aggravating circumstances that may be considered in a death case, and § 13A-5-51, which outlines the statutory mitigating circumstances that may be considered in a death case, are in pari materia, see Kelly v. State, 273 Ala. 240, 242, 139 So.2d 326, 328 (1962), these sections should be construed together to ascertain the meaning and intent of each. McDonald's Corp. v. DeVenney, 415 So.2d 1075, 1078 (Ala. 1982).
". . . .
 "We are therefore of the opinion that, because of Alabama's minority position that a conviction resting on a plea of nolo contendere is inadmissible for any purpose in a subsequent proceeding, § 13A-5-49(1) should be interpreted in the same fashion as the Supreme Court has interpreted § 13A-5-51(1). Therefore, only a sentence of imprisonment imposed upon a conviction recognizable under Alabama law can be considered in determining the existence or nonexistence of this aggravating circumstance.
 "Consequently, the appellant is entitled to a new sentencing hearing at which evidence of his Florida conviction will be inadmissible."
What this means is that because a conviction resting on a plea of nolo contendere is not admissible in Alabama courts for any purpose in a subsequent proceeding, only a sentence of imprisonment imposed upon a conviction recognizable under Alabama law can be considered in determining the existence or nonexistence of the aggravating circumstance defined in Ala. Code 1975, § 13A-5-49(1) ("[t]he capital offense was committed by a person under sentence of imprisonment") and the mitigating circumstance found in Ala. Code 1975, § 13A-5-51(1) ("[t]he defendant has no significant history of prior criminal activity"). In other words, under the statutory and case law of this State, the trial court may not consider the appellant's Florida nolo contendere plea conviction or any of its consequences in determining the existence or nonexistence of the aggravating and mitigating circumstances.[2] Because the trial court erred in considering that conviction in finding the nonexistence of the mitigating circumstance defined in §13A-5-51(1), this cause must once again be remanded so that the trial court can enter a proper and correct sentencing order as required by statute.
Therefore, this cause is remanded for a third time to the trial court. On remand, the trial court shall:
 1. Carefully and conscientiously examine and reconsider its determination that death is a proper sentence in this case and that the recommendation of the jury should be rejected.
 2. Carefully and conscientiously reweigh the aggravating and mitigating circumstances the trial court finds applicable in this case.
 3. Enter a new, independent, self-sufficient, and complete sentencing order which contains no reference to its prior sentencing orders.
 4. Set forth in that sentencing order specific written findings concerning the existence or nonexistence of each aggravating circumstance enumerated in § 13A-5-49, each mitigating circumstance offered pursuant to § 13A-5-51, and any additional mitigating circumstances offered pursuant to § 13A-5-52.
 In determining the existence or nonexistence of the aggravating circumstance defined in Ala. Code 1975, § 13A-5-49(1) and the mitigating circumstance found in Ala. Code 1975, § 13A-5-51(1), the trial court may consider evidence of only those convictions recognizable under Alabama law.
 5. State the reasons why any aggravating circumstance or circumstances outweigh the mitigating circumstance(s).
On remand, no additional hearings are anticipated and the presence of the appellant is not required. *Page 351 
The trial court shall comply with these instructions within 28 days from the date of this opinion. The appellant shall have 14 days after the trial court's return to remand is filed in this Court to file a brief. The appellant shall have 14 days after the appellant's brief is filed to file a reply brief.
OPINION EXTENDED; REMANDED WITH INSTRUCTIONS.
All Judges concur.
[1] This second sentencing order is actually dated "the 26th day of February, 1991." This is an obvious mistake as the order was actually entered in 1993.
[2] Cf. Slaton v. State [Ms. CR89-848, September 30, 1993] ___ So.2d ___ (Ala.Cr.App. 1993) (holding that trial court erred in considering juvenile adjudications, which "are not convictions," in determining that § 13A-5-51(1) mitigating circumstance did not exist).